RYAN v. PHILADELPHIA & READING COAL & IRON CO.

(Circuit Court, E. D. New York. June 22, 1911.)

1. ATTORNEY AND CLIENT (§ 150*)—EMPLOYMENT OF COUNSEL.

Where an attorney, prosecuting an action for injuries to an infant on a contingent fee basis, retained counsel to assist him, the question of the counsel's right to payment was a matter between him and the attorney, and was material to the court in determining the amount the attorney should receive out of a settlement only as a guide to the value of the services rendered by the attorney for plaintiff in the entire action.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 354–357; Dec. Dig. § 150.*]

2. INFANTS (§ 84*)—ACTIONS—GUARDIAN Ad LITEM—APPOINTMENT OF ATTORNEY—AUTHORITY.

A guardian ad litem for an infant, though appointed in a state court before removal of the action, cannot contract with an attorney for services so as to bind the ward, unless the agreement meets with the court's approval.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 236–245; Dec. Dig. § 84.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. ATTORNEY AND CLIENT (§ 140*)—ATTORNEY'S FEES—INFANTS—SETTLEMENT
   —CONTINGENT FEE.
   An infant having a cause of action for injuries against a corporation, suit was brought for him by an attorney in the state court without any contract for compensation, and a guardian ad litem appointed. The case was removed to the federal court, and as the trial was about to be started a settlement was consummated. No written retainer or contract was signed until after the case had been substantially settled, and until the lack of such a contract was noticed, when the guardian ad litem contracted to pay the attorney 50 per cent. of the settlement. The attorney and his counsel, whom the attorney paid, had conducted the case ably and made a proper settlement. *Held*, that the contract for attorney's fees was proper and would be approved.

   [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 140.*
   Compensation of attorney on premature termination of employment, see note to Du Bois v. Mayor, etc., of City of New York, 69 C. C. A. 113.]

Action by Joseph Ryan, an infant, by his guardian ad litem, Margaret Ryan, against the Philadelphia & Reading Coal & Iron Company. On proceedings for the distribution of a settlement for injuries to an infant.

George S. Scofield and W. H. K. Davey, for plaintiff.
Armstrong & Brown, for defendant.

CHATFIELD, District Judge. A perfectly proper settlement of this action was consummated as the trial was about to be started. The plaintiff's attorney and his counsel had conducted the case ably, and the defendant was relieved by the settlement from a possibly large recovery, if the plaintiff could establish its legal liability under the statutes of the state where the accident occurred. A further payment for witnesses' fees (agreed upon by the parties as to amount) was also made. Both the plaintiff and the plaintiff's attorney are entitled to be repaid their actual disbursements out of that sum, and the balance, if any, would go into the general fund for the settlement of the case. The infant plaintiff will arrive at his majority within a very short time. He has no general guardian, and the money cannot be paid over unless a guardian be appointed, and bond given, or unless the payment be delayed until the infant arrives at the age of 21. But no difficulty arises on this score. The sole question is whether or not the plaintiff is entitled to a 50 per cent. compensation, upon the basis of a contingent fee, for his services in the case, no written retainer or contract having been signed until after the case had been substantially settled and the lack of such a contract noticed.

[1] The amount paid plaintiff's counsel was entirely proper, and his services seem to have been valuable, but the question of his payment is a matter between him and the attorney for the plaintiff, and is of use to the court only as a guide to the value of the services rendered by the attorney for the plaintiff in the entire action.

[2] This court is bound to hold that a guardian ad litem, being an officer of the court, even though appointed in the state court before removal of the action, cannot enter into a contract with any attorney,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

who is necessarily an officer of the court, which shall bind the ward of the court, unless that agreement meet with the court's approval. The guardian ad litem is not a party who is independent, in the ordinary sense. He is rather a party capable of entering into legal relations, who thus supplies the lack of capacity on the part of the infant.

[3] But the very fact that he is appointed to represent a ward of the court, and that his appointment is by the court, leaves his actions and the actions of all who are responsible to the court, subject to the court's scrutiny, before the court can be asked to lend its authority to a determination of the rights of the party whose protection is being attempted. For this reason the guardian ad litem has the right to call into question the action of the attorney in obtaining from her the signature of a contract for a 50 per cent. attorney fee, upon such terms as might have been asked before bringing the action, and at a time when the possibility of recovery or the obtaining of evidence was entirely undetermined. Such a charge would be unconscionable and entirely out of proportion, no matter what the hazard of recovery might previously have been, if this charge were made for nothing but the actual settlement of a case already on trial, and in which an amount in settlement had been offered.

The plaintiff's attorney might well have reported to the court the exact situation and asked its approval of the signing of the agreement, which seems to have been contemplated by all of the parties throughout the entire proceeding, but no percentage or definite amount had been mentioned, so far as the affidavits of either party show. A 50 per cent. contingent fee, in a case like the one under consideration, was not out of proportion, if an attorney were agreeing to bring such a suit. A fee of this amount even in settlement also does not seem to be out of proportion or unconscionable in this case, from the standpoint of fair compensation to the attorney, including the payment of counsel fees. Especially is this true where the plaintiff will be reimbursed for disbursements or witness fees. And the only question to be considered is whether or not the attorney should have voluntarily offered to take less than he would have insisted upon at any time prior to the actual trial of the action, because he had then learned that the services which he had undertaken without definite agreement were not to be entirely fruitless. He could at no time exact or expect more than would be fair and reasonable for what he was doing, whether it related to past or future services.

The court feels that unless all contingent fees are to be discountenanced, and unless an attorney is to be punished for ultimately charging what in ordinary practice he might have insisted on, if the parties had not been content to leave the entire matter in his hands, and in a case where all of the circumstances indicate that the parties would have previously consented to the exact arrangement which they did make, the contract entered into between the guardian ad litem and the attorney should be carried into effect.

An order may be entered, therefore, approving of the settlement by the guardian ad litem and directing that judgment for the amount of the settlement may be entered.

The amount paid for witness fees will be used for the payment of the actual disbursements of the plaintiff and of her attorney for securing the attendance of the witnesses, and any balance therefrom will be added to the general recovery for the benefit of the plaintiff.