## DICKINSON, AS RECEIVER OF THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *v.* STILES.

### ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 735. Argued April 18, 19, 1918.—Decided April 29, 1918.

There is no inconsistency between the Employers' Liability Act and the application to cases arising under it in the state court of a general state law giving the attorney a lien on his client's cause of action and rendering the defendant directly liable to the attorney.

Where this question was called to the attention of the state trial and supreme courts and discussed by the latter, upon an intervention of the attorney in an action wherein the complaint stated a case under the act, this court has jurisdiction by writ of error to review the judgment sustaining the lien.

137 Minnesota, 410, affirmed.

THE case is stated in the opinion.

Mr. Edward S. Stringer, with whom Mr. McNeil V. Seymour, Mr. Thomas P. Littlepage and Mr. Sidney F. Taliaferro were on the briefs, for plaintiff in error.

Mr. George H. Lamar for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to correct a judgment of the Supreme Court of Minnesota which sustained the validity of a statute of the State held applicable to this case and alleged by the plaintiff in error to be repugnant to the Constitution and laws of the United States when so applied. The facts that raise the question are simple. One Holloway sued the plaintiff in error under the Employers' Liability Act for personal injuries and engaged the de-

fendant in error, Stiles, as his attorney, agreeing to pay him one-third of the amount recovered by suit or settlement. The statutes of Minnesota give the attorney a lien upon the cause of action. Gen. Stats. of 1913, § 4955. Before trial the plaintiff in error settled by paying $6,500. Stiles intervened in the cause and claimed his fee pursuant to his contract. There was a trial which ended in a judgment for Stiles—the trial Court ruling that the Minnesota statute was effective to impose a lien upon a cause of action arising under the Act of Congress relating to the liability of carriers by railroad to their employees. April 22, 1908, c. 149, 35 Stat. 65. April 5, 1910, c. 143, 36 Stat. 291. The Supreme Court of the State sustained this ruling, 137 Minnesota, 410, and subsequently, without further discussion, affirmed the judgment for Stiles

It is argued for the defendant in error that it does not appear sufficiently in the record that the case turned upon the ruling supposed. But the original declaration was for an injury alleged to have been received in interstate commerce and,whatever the answer denied, that was the claim that was settled. The question was called to the attention of the trial Court and was discussed at length by the Supreme Court. We perceive no ground for the motion to dismiss.

Coming to the merits, cases that declare that the acts of Congress supersede all state legislation on the subject of the liability of railroad companies to their employees have nothing to do with the matter. The Minnesota statute does not meddle with that. It affects neither the amount recovered nor the persons by whom it is recovered, nor again the principles of distribution. It deals only with a necessary expense of recovery. Congress cannot have contemplated that the claims to which its action gave rise or power would be paid in all cases without litigation, or that suits would be tried by lawyers for nothing, yet

it did not regulate attorneys' fees.   It contemplated suits in state courts and accepted state procedure in advance. *Minneapolis & St. Louis R. R. Co.* v. *Bombolis*, 241 U. S. 211.   *Louisville & Nashville R. R. Co.* v. *Stewart*, 241 U. S. 261.   We see no reason why it should be supposed to have excluded ordinary incidents of state procedure.   Before the Carmack Amendment it was held not to invalidate state legislation requiring, under a penalty, prompt settlement of claims for loss of freight in the State,  *Atlantic Coast Line R. R. Co.* v. *Mazursky*, 216 U. S. 122; see *Charleston & Western Carolina Ry. Co.* v. *Varnville Furniture Co.*, 237 U. S. 597; or, since that amendment, allowing in the costs a moderate attorney's fee for small claims unsuccessfully disputed, *Missouri, Kansas & Texas Ry. Co.* v. *Harris*, 234 U. S. 412, although both laws affect commerce among the States.

The statutes referred to in the last cited cases imposed liability for an additional sum.   The present one does not. We presume that it would not be contended that the Employers' Liability Act prevented the assignment of a judgment under it in such form as was allowed by the law of Minnesota, or that it allowed the defendant to disregard such an assignment after notice.   Nor do we perceive any different rule for an assignment of judgment or cause of action by way of security, which under the Minnesota statute the contract with Holloway brought to pass.   It is true that this security is made effectual by requiring payment to the attorney, *Davis* v. *Great Northern Ry. Co.*, 128 Minnesota, 354, 358, and this may be said to result in requiring the judgment debtor to split up the payment.   But surely there is nothing in that liability, seemingly common to all Minnesota judgments, *Wheaton* v. *Spooner*, 52 Minnesota, 417, 423, that introduces an interference with the Act of Congress that otherwise would not exist.   In cases where a partial assignment is provided for irrespective of attorneys' fees we

should not expect to hear the suggestion of such a point. The whole case is simply that the State allows the attorney employed to collect a claim to be subrogated to the rights of the claimant so far as to secure the attorney's fees. We see no reason why it should not.

*Judgment affirmed.*