**GONZALEZ et al.**

v.

**HOBEY, Federal Security Administrator.**

**No. 4780.**

United States Court of Appeals,
First Circuit.

May 11, 1954.

Frank Torres, New York City, for appellants.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the plaintiffs, Ernesto, Pascasio and Jose Manuel Gonzalez Malave, minors acting through their mother and natural guardian, Virginia Malave, from the denial by the United States District Court for the District of Puerto Rico of their motion for the determination of the fees due their counsel and for an order for the payment thereof. The plaintiffs had been declared the heirs of their father, Ernesto Gonzalez, by the insular district court for Guayama. They had then made claim as his children for survivors' insurance benefits under section 202(d) (3) of the Social Security Act [1] which claim had been denied by the Federal Security Administrator. They thereupon filed a civil action in the court below for the review of the Administrator's decision and were given leave to prosecute the action in forma pauperis. The court entered summary judgment setting aside the Administrator's decision and granting the plaintiffs' claims for children's insurance

1. 42 U.S.C.A. § 402(d) (3).

benefits. D.C., 110 F.Supp. 893. Following the entry of judgment in their favor the plaintiffs filed the motion the denial of which is the subject of the appeal now before us.

Section 206 of the Social Security Act[2] expressly empowers the Administrator (now the Secretary of Health, Education and Welfare)[3] to regulate and prescribe the maximum fees which may be charged for services performed in connection with any claim before the Administrator under Title II of the Act relating to federal old-age and survivors insurance benefits and prohibits any person from charging or collecting any fee in excess of the maximum so fixed. Pursuant to this statutory authority the Administrator issued Regulations No. 3, § 403.713(d) of which fixes a fee of not more than $10 for the services of an attorney in representing a claimant before the Administrator, unless upon petition of the attorney the Bureau of Old-Age and Survivors Insurance, a referee or the Appeals Council of the Administration (now the Department of Health, Education and Welfare), for good cause shown, authorizes the attorney to charge and receive a greater fee.[4] The law and regulations thus contemplate that claimants before the Administration (now the Department) may have the benefit of compensated counsel. Under these regulations the counsel for the present plaintiffs may doubtless still make application for the fixing of an appropriate fee in to the proper officials of the Department excess of $10 for so much of his services to the plaintiffs as involved his representation of them before the Administrator.

Section 205(g) of the Social Security Act[5] expressly confers the right upon any individual whose claim is denied by a final decision of the Administrator (now the Secretary) to secure a judicial review of the decision through a civil action brought in the United States district court for the district of his residence, as was done by the plaintiffs in this case. The Act is silent, however, as to counsel fees for services rendered in such an action. But the payment and receipt of such fees is not prohibited by the Act. We think that here, as Justice Holmes said in Dickinson v. Stiles, 1918, 246 U.S. 631, 632, 38 S.Ct. 415, 416, 62 L.Ed. 908, "Congress cannot have contemplated that the claims to which its action gave rise or power would be paid in all cases without litigation, or that suits would be tried by lawyers for nothing, yet it did not regulate attorney's fees." Certainly counsel who prosecute such actions to review adverse decisions under the Social Security Act are entitled to receive reasonable fees for their services and the claimants for whom the services are performed should pay for them.

In the case of an adult claimant this ordinarily presents no problem to the courts. For such a claimant can contract for legal services and obligate herself to pay for them. But it may be different in the case of a minor claimant who cannot contract for himself and whose mother and natural guardian may not be empowered to agree to counsel fees on his behalf or to pay them out of his funds without a court's approval.[6] Such a case might present a situation in which the mother and natural guardian or the attorney might have to make application to the state or commonwealth court having jurisdiction of the minors and their guardian for an order fixing the fees and directing their payment out of the minors' funds. But since no application is here made for an allowance to be paid by the United States and the

---

2. 42 U.S.C.A. § 406.

3. 1953 Reorganization Plan No. 1, § 5, 18 F.R. 2053, 67 Stat. 632, 42 U.S.C.A. § 406 note.

4. 12 F.R. 595, 20 C.F.R. § 403.713(d).

5. 42 U.S.C.A. § 405(g).

6. Compare Ryan v. Philadelphia & Reading Coal & Iron Co., C.C.E.D.N.Y.1911, 189 F. 253; U. S. v. Equitable Trust Co., 1931, 283 U.S. 738, 51 S.Ct. 639, 75 L. Ed. 1379.

statute does not authorize such an allowance in any event, the district court was not concerned with the counsel fees here sought and the motion for their determination was properly denied.

The order of the district court will be affirmed.