Marion B. FOLSOM, Secretary of Health, Education and Welfare, Appellant,

v.

Eva G. McDONALD, next friend and guardian ad litem of Annie Ruth McDonald, a child, Appellee.

No. 7227.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1956.

Decided Oct. 10, 1956.

Melvin Richter, Atty., Dept of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., and Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., on the brief), for appellant.

Wright T. Dixon, Jr., Raleigh, N. C., for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

This is an appeal by the United States from an order allowing attorneys' fee from an amount determined to be due an infant plaintiff suing by a guardian ad litem with respect to social security benefits. No judgment for such fees was rendered against the United States and no question is raised with respect to the amount of the fees ordered to be paid from the sum awarded plaintiff. The government is not appealing from the judgment in favor of the plaintiff and neither the plaintiff nor her guardian ad litem are complaining of the awarding of fees to counsel from the judgment awarded her.

The only question presented by the appeal is whether it was proper for the Judge of the District Court to award fees to counsel in the suit to be paid from the recovery obtained by them for plaintiff. We think that it was. Rule 17(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., authorizes the court to appoint a guardian ad litem to conduct litigation for an infant and make such other orders as it deems proper for the infant's protection. The law is well settled that "if a fund is recovered for the infant by suit, or if the infant's property is under the control of the court, the court will order counsel fees to be charged upon such fund or property". 27 Am.Jur. p. 1848. Note 5 Ann.Cas. 131. As said by the Supreme Court, speaking through Mr. Justice Van

Devanter in United States v. Equitable Trust Co., 283 U.S. 738, 744, 51 S.Ct. 639, 641, 75 L.Ed. 1379:

> "It is a general rule in courts of equity that a trust fund which has been recovered or preserved through their intervention may be charged with the costs and expenses, including reasonable attorney's fees, incurred in that behalf; and this rule is deemed specially applicable where the fund belongs to an infant or incompetent who is represented in the litigation by a next friend. 'Such a rule of practice,' it has been said, 'is absolutely essential to the safety and security of a large number of persons who are entitled to the protection of the law—indeed, stand most in need of it—but who are incompetent to know when they are wronged, or to ask for protection or redress.'"

Our attention is called to Gonzalez v. Hobby, 1 Cir., 213 F.2d 68, 69; but the decision there seems to have gone off on the fact that "no application is here made for an allowance to be paid by the United States and the statute does not authorize such allowance in any event," without giving consideration to the power and duty of the court to protect the rights of infant claimants and to charge recoveries in their behalf with the payment of proper fees to counsel whose services have resulted in such recoveries. The court pointed out in that case, however, that "the payment and receipt of such fees is not prohibited by the Act" and quoted from Mr. Justice Holmes in the case of Dickinson v. Stiles, 246 U.S. 631, 632, 38 S.Ct. 415, 62 L.Ed. 908, that Congress cannot have contemplated "'that suits would be tried by lawyers for nothing'". If counsel for the infant plaintiff are to be paid for their services, their compensation must be determined by some court and must be paid out of the fund recovered by their services. There is no more fitting manner in which this could be done than for the court under whose direction the guardian ad litem acted in maintaining the suit to fix the fees and order them to be paid from the recovery which they have secured. In doing so, it is not rendering judgment against the United States, but is merely determining rights as between the infant plaintiff and her attorneys, all of whom are before the court and whose rights with respect to the judgment obtained can be readily adjudicated.

■■■ The contentions of the government to the contrary are clearly without merit. It is argued that nothing in the Social Security Act, 42 U.S.C.A. § 301 et seq., gives the court the power to fix fees for counsel, but as pointed out in Gonzalez v. Hobby, supra, nothing in the act forbids it; and where the court is given jurisdiction of litigation arising under the act, it must be presumed that it was intended that the court should exercise all the powers of a court, including the power to protect the rights of minors in litigation before it and to provide for the payment of counsel fees for conducting the litigation from any recovery obtained therein. It is argued that the power may not be exercised because the government has not consented to be sued with respect to counsel fees and has not waived its governmental immunity with respect to such suits; but the fees are awarded not against the government but against the recovery which belongs to the infant plaintiff and not the government. It is, further, argued that to permit the allowance of fees of counsel would amount to an assignment of a portion of a claim against the government in violation of the assignment statute; but it is perfectly clear that no assignment results from the determination by the court of the rights of an attorney in a recovery on account of services rendered. Houston v. Ormes, 252 U.S. 469, 473–474, 40 S.Ct. 369, 64 L.Ed. 667. Finally it is argued that such an allowance is contrary to the provision of the statute, 42 U.S.C.A. § 405(j), authorizing the administrator to make a payment to persons other than the applicant, for his use and benefit, where this appears to

the best interest of the applicant; but this relates to payments to incompetents and was never intended to limit the power of the court, which by the statute is authorized upon review to enter "a judgment affirming, modifying, or reversing the decision of the Administrator". § 405(g). Payment to counsel in accordance with the judgment of the court will constitute a complete acquittance to the government with respect to that much of the amount awarded the infant plaintiff.

Affirmed.