**Pasquale CUOMO, Jr., Plaintiff,**

v.

**The PENNSYLVANIA RAILROAD CO., Defendant.**

**Civ. A. No. 13481.**

United States District Court
W. D. Pennsylvania.
Dec. 27, 1957.

John Ruffalo, Jr., Youngstown, Ohio, James A. Wright, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

It appears that Pasquale Cuomo, plaintiff, entered into a contract in May, 1954, with John Ruffalo, Jr., to represent him in his personal injury claim against the Pennsylvania Railroad, defendant.

In June, 1954, Mr. Ruffalo advised the defendant that he had been retained by the plaintiff; and this letter was acknowledged by H. N. Clark of their Claim Department. Some negotiations were carried on between Mr. Ruffalo and the Claim Department of the railroad for a few months, and in June of 1955, Mr. Ruffalo and Mr. Wright filed suit against the defendant on behalf of the plaintiff. Thereafter, on July 20, 1955, the plaintiff filed an affidavit with the defendant alleging that Mr. Ruffalo solicited this case and that Mr. Cuomo desired to withdraw his claim from Mr. Ruffalo, and desired another attorney to represent him, and asked the defendant to settle the case directly with him for the sum of $7,500. The affidavit

carried the caption and number of the lawsuit pending in this Court and referred to the lawsuit.

Apparently Mr. Ruffalo knew nothing of this transaction until May, 1957, when the defendant sought to assert the release signed by Mr. Cuomo, the plaintiff, in the suit. Mr. Ruffalo denies the allegations of the plaintiff in his affidavit and asserts that the Pennsylvania Railroad engaged in nefarious practices in utter disregard for his rights as the attorney. Mr. Ruffalo now seeks to enforce an attorney's lien in the nature of equitable action against the Pennsylvania Railroad and to hold it liable for his fee, alleging that they knew of his interest in the case and proceeded to deal with the plaintiff without any proof that Mr. Ruffalo had been discharged or had no interest in the case.

■ It appears that the contract of employment between Mr. Ruffalo and the plaintiff was made in Pennsylvania, and the suit here involved was brought in the United States District Court for the Western District of Pennsylvania. The question arises as to what law controls the rights of an attorney to a lien and what are his rights under any lien. It appears that the Supreme Court had occasion to pass on this question and it has held that in a Federal Employers' Liability Act suit, though the suit be based on federal law, the Act made no provision for the regulation of attorney's fees and the problems incident thereto. In Dickinson v. Stiles, 1918, 246 U.S. 631, 38 S.Ct. 415, 62 L.Ed. 908, the Court held that it was proper to apply the law of the state in which the suit was brought to determine the rights of an attorney to a lien in a Federal Employers' Liability Act case. See also Lehigh & N. E. R. Co. v. Finnerty, 3 Cir., 1932, 61 F.2d 289, wherein the Court of Appeals for this Circuit pointed out where a suit was brought in New Jersey, the New Jersey law would control as to the lien. Therefore, we are compelled to look to the law of Pennsylvania to determine what are the attorney's rights to a lien in the instant situation. Under the law of Pennsylvania, the lien of an attorney for the payment of services has been limited to documents or money in their possession belonging to clients in connection with the proceedings in which the services were rendered. In order that the lien might attach it was necessary that the subject-matter should come into actual possession of the attorney. Laplacca v. Philadelphia Rapid Transit Co., 265 Pa. 304, 108 A. 612. The cases relied upon by Mr. Ruffalo are cases from other jurisdictions in which the state law that governed was different from the law of Pennsylvania. He seeks in effect to have a lien on the plaintiff's cause of action and to assert it against the defendant, claiming that the settlement by the defendant with the plaintiff before judgment in this suit cannot defeat his rights.

The defendant has numerous suits in our courts and is quite familiar with normal, ethical practices in this forum. The facts insofar as developed by the petition and at the argument indicated a disregard of the common courtesies of the practice of law by the defendant. Charges of initial misconduct on the part of the plaintiff's attorney do not obliterate these duties. Two wrongs, even if proven, do not make a right. However much we might like to give an attorney the opportunity to enforce a claim that he alleges, we cannot do this as the law of Pennsylvania does not permit it. By the Act of May 6, 1915, P.L. 261, known as the Attorney's Lien Act, the Legislature in Pennsylvania attempted to enact legislation to deal with the problem such as the one presently before the Court. This Act, the Pennsylvania Court held, created a new right in favor of attorneys of record in legal proceedings. However, the Supreme Court of Pennsylvania held that the Act was a special law creating liens and providing a new method of collecting debts within the constitutional inhibition of the Constitution of the Commonwealth of Pennsylvania, and was therefore invalid. Laplacca v. Philadelphia Rapid Transit Co., supra.

Thus, since we are compelled to follow the law of Pennsylvania in a situation such as the one before us at this time and since the law of Pennsylvania prohibits what the attorney seeks here, we must, therefore, dismiss his petition for attorney's lien without prejudice to his rights to institute a separate suit against defendant railroad for interference with his contractual rights with the plaintiff.