**UNITED STATES of America**

v.

**WIESENFELD WAREHOUSE COMPANY, a corporation.**

**No. 12256–Cr–J.**

United States District Court

S. D. Florida.

Dec. 21, 1962.

Edward F. Boardman, U. S. Atty., William J. Hamilton, Jr., Asst. U. S. Atty., Jacksonville, Fla., for United States.

Ulmer, Murchison, Kent, Ashby & Ball, Jacksonville, Fla., for defendant.

SIMPSON, District Judge.

This cause was taken under advisement on October 19, 1962, on defendant's motion to dismiss made in open court. The plaintiff and defendant now having filed briefs, it appears that said motion should be granted.

21 U.S.C. § 331(k) prohibits the specific acts of alteration, mutilation, destruction, obliteration or removal of the labeling of, a food, drug, device or cosmetic. This enumeration of specific acts is followed by the general term, "or the doing of any other act." The information alleges that adulteration was caused by the defendant's act of holding certain food in its warehouse, which was accessible to rodents, birds and insects.

The government contends that one of the purposes of Congress in enacting Section 331(k) was to prohibit the holding of food after shipment in interstate commerce under insanitary conditions whereby such food may become contaminated with filth, and cites House Report No. 807, 80th Congress, 1st Session, July 8, 1947 at page 3:

"As so amended the subsection will penalize among other acts resulting in adulteration or misbranding, the act of holding articles under unsanitary conditions whereby they become contaminated with filth or rendered injurious to health."

 This not only makes one holding such goods an insurer but subjects him to criminal action. Under the rule of construction known as *ejusdem generis*, where a general term follows an enumeration of specific classes of activities, the general term will be limited to the same general nature as those enumerated. The rule is applicable only where intent is not discoverable from the statutory language, and it may not be used to defeat the obvious purpose of legislation. United States v. Alpers, 338 U.S. 680, 70 S.Ct. 352, 94 L.Ed. 457 (1950). Congress may have intended the construction advocated by the prosecution, however, the statute, as it is presently written, is too vague and indefinite to apply to the mere act of "holding" goods. In an effort to uphold the statute as constitutional, strict rules of construction must be applied; therefore the information does not allege an offense under Section 331(k), and it is thereupon:

Ordered that defendant's motion to dismiss is granted.