**Grady L. SPARKS, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education & Welfare, Defendant.**

**Civ. A. No. 4763.**

United States District Court
E. D. Texas,
Beaumont Division.
April 16, 1964.

Earl B. Stover, Silsbee, Tex., for plaintiff.

Wm. Wayne Justice, U. S. Atty., Tyler, Tex., Bryan Blalock, Asst. U. S. Atty., Beaumont, Tex., for defendant.

FISHER, District Judge.

The Secretary denied to Plaintiff, Grady L. Sparks, disability insurance benefits under the Federal Social Security Act, and on March 28, 1963, Plaintiff was advised by letter that the Appeals Council of the Department of Health, Education and Welfare had denied his request for review of said decision.

The Plaintiff filed suit for judicial review and on December 23, 1963, judgment was rendered granting Plaintiff's motion for summary judgment, reversing the final decision of the Appeals Council and finding that Plaintiff was entitled to a period of disability beginning July 1, 1960. Subsequent to the date of judgment, Plaintiff, acting by and through his attorney, Honorable Earl B. Stover, Silsbee, Texas, filed a motion requesting the Court to set a reasonable attorney's fee and order that such attorney's fee be paid. This motion was granted and on February 14, 1964, attorney's fees in the amount of twenty (20%) per cent of Plaintiff's total recovery of disability benefits, beginning July 1, 1960, and continuing to and through December 23, 1963, were allowed the attorney for Plaintiff.

The Defendant then filed a motion requesting that the court alter and amend the attorney's fee order for the reason that said order directs the Secretary of Health, Education and Welfare to violate Section 405(i) of the Act; [1] that there is no basis under the Act for the award of attorney's fees and that the order violates Section 407 of the Act.[2]

1. Title 42 U.S.C.A. § 405(i). "Upon final decision of the Secretary or upon final judgment of any court of competent jurisdiction, that any person is entitled to any payment or payments under this subchapter, the Secretary shall certify to the Managing Trustee the name and address of the person so entitled to receive such payment or payments, the amount of such payment or payments, and the time at which such payment or payments should be made, and the Managing Trustee, through the Division of Disbursement of the Treasury Department, and prior to any action thereon by the General Accounting Office, shall make payment in accordance with the certification of the Secretary * * *."

2. Title 42 U.S.C.A. § 407. "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

## 510

Plaintiff, Grady L. Sparks, was fifty-two years of age at the time of his appearance before the hearing examiner, and such hearing resulted in a denial of any benefit payments to him. The first mention in the record of Plaintiff's having an attorney appears by way of his attorney having filed for him, on May 22, 1963, Plaintiff's Original Complaint. Thus, before the employment of counsel, Plaintiff's individual efforts had resulted in complete failure. This Court awarded attorney's fees in the amount of twenty (20%) per cent of the claimant's accrued, total recovery, not on the basis of any employment contract that may or may not have existed between claimant and his attorney, but solely on the basis of the reasonable value of legal services rendered.

Title 42 U.S.C.A. § 405(g) (i) (j),[3] Section 406,[4] and Section 407,[5] are most pertinent to this question concerning the power of the District Courts to set attorneys' fees and enter an order as to the manner in which such fees shall be paid.

Section 405(g) provides that a claimant can make timely appeal to a District Court of the United States after any final decision of the Secretary, and that the Court shall "have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Thus, where jurisdiction has been conferred upon a trial court, as under this section, it is understood that, absent a clear Congressional prohibition to the contrary, it is intended that the Court should exercise all powers incidental to such jurisdiction.[6]

A case often cited by the Government in support of its argument that a Court has no power to order payment of attorneys' fees is Gonzalez, et al. v. Hobby, Federal Security Administrator, 213 F. 2d 68, 1st Cir., in which case minor plaintiffs acting through their mother and natural guardian, filed their motion in the United States District Court for the determination of the fees due their counsel and for an order for the payment thereof. The Court held that the Act is silent as to counsel fees for services rendered in a court action, but the payment and receipt of such fees is not prohibited by the Act. Judge Maris of the First Circuit held:

"In the case of an adult claimant this ordinarily presents no problem to the courts. For such a claimant can contract for legal services and obligate herself to pay for them. But it may be different in the case of a minor claimant who cannot contract for himself and whose mother and natural guardian may not be empowered to agree to counsel fees on his behalf or to pay them out of his funds without a court's approval. Such a case might present a situation in which the mother and natural guardian or the attorney might have to make application to the state or commonwealth court having jurisdic-

---

3. Title 42 U.S.C.A. § 405(g), * * * "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. * * *"
   (i) See footnote 1.
   (j) "When it appears to the Secretary that the interest of an applicant entitled to a payment would be served thereby, certification of payment may be made, regardless of the legal competency or incompetency of the individual entitled thereto, either for direct payment to such applicant, or for his use and benefit to a relative or some other person."

4. Title 42 U.S.C.A. § 406, " * * * The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary * * *."

5. See footnote 2.

6. Folsom v. McDonald, 237 F.2d 380, 4th Cir., " * * * This is an appeal by the United States from an order allowing attorneys' fee from an amount determined to be due an infant plaintiff suing by a guardian ad litem with respect to social security benefits. * * *"

tion of the minors and their guardian for an order fixing the fees and directing their payment out of the minors' funds. But since no application is here made for an allowance to be paid by the United States and the statute does not authorize such an allowance in any event, the district court was not concerned with the counsel fees here sought and the motion for their determination was properly denied."

By such holding the Court is in effect avoiding the issue by saying that it is not necessary for the Court to so decide since the minors' application is not properly presented to the Court; therefore, we do not believe that the Gonzalez case is an authority to the effect that a District Court of the United States, having been granted appellate jurisdiction over a final decision of the Secretary,[7] may not, once it has reviewed the decision below, "exercise all of the powers of the court", and in the exercise of such powers, determine the fees due counsel for the plaintiff if the matter is properly presented to the Court, and it is reasonable to infer from the language of the Court in this case, " * * * the payment and receipt of such fees is not prohibited by the Act", that had the request been presented to the Court by the guardian of Plaintiff under proper authorization of the Probate Court, the United States District Court would have been justified under its jurisdiction of the subject matter to determine fees for counsel and order their payment from such recovery allowed the minor plaintiffs.

The case of Folsom v. McDonald, supra, seems to be an extension of the reasoning in the Gonzalez case, supra, and where the matter of attorney's fees is properly presented to the Court, the Court has the authority to determine the amount of counsel fees and order payment to be made from the recovery awarded Plaintiff. Further, the Folsom case is an authority to the effect that an attorney's fee is not a claim against the Government in holding in part as follows:

"It is argued that the power may not be exercised because the government has not consented to be sued with respect to counsel fees and has not waived its governmental immunity with respect to such suits; but the fees are awarded not against the government but against the recovery which belongs to the infant plaintiff and not the government."

The Plaintiff, Grady L. Sparks, is not suing the Government for attorney's fees, but is merely asking that the District Court of the United States determine what fees should be paid and then requesting the Court to order such reasonable fee to be paid from claimant's recovery. Surely, Congress in passing Article 42 U.S.C.A. § 401 et seq., of the Social Security Act, did not intend to deny claimants, often in strained financial circumstances, adequate legal representation by depriving the Court of a method by which attorneys could be assured of their fee from the use of this most reasonable, and in most instances, the only source of income available to the claimant.

■ Section 405(j) deals exclusively with the power of the Secretary and the failure of Section 405(i) and 405(j) to provide for the power of the Court to pass on the matter of attorney's fees does not mean that these sections give to the Secretary the exclusive power to determine rights between the claimant and his attorney, but rather, lends strong support to the interpretation that this power is placed in the Court, once an appeal has been made to it under Section 405(g).

Under Section 406, specific authority is conferred on the Secretary where attorney's fees are mentioned in connection with old-age, survivors, and disability insurance benefits under the Act. Such section specifically states that such fees are regulated for legal services "before the Secretary."

---

7. See footnote 3.

It seems that if Congress had intended to regulate attorneys' fees for representation in the District Courts of the United States, it would have so provided; and the determination of reasonable attorneys' fees for appearance and representation before the District Court of the United States itself, not the Secretary should not be taken from the Judiciary without a clear statutory provision to this effect. How better could claimants be protected than for the reviewing Court which has before it the complete record of the hearing below, to determine what fee is reasonable and order it to be paid from the recovery awarded Plaintiff? This problem was both detected and resolved by Mr. Justice Holmes in the case of Dickinson v. Stiles, 246 U.S. 631, 38 S.Ct. 415, 62 L.Ed. 908, where he pointed out, "Congress cannot have contemplated that the claims to which its action gave rise or power would be paid in all cases without litigation, or that suits would be tried by lawyers for nothing * * *."

■ Turning our attention now to the contention that this Court's order awarding attorneys' fees violates Section 407, we hold that it cannot be disputed that Section 407 [8] applies to future payments and the award to claimant in this case and the order of this Court that twenty (20%) per cent of that award should go to his attorney as compensation for legal services rendered, covered the period of time from July 1, 1960, to December 23, 1963, and did not apply to any future payment.

It is a well recognized rule of construction of statutory language that where specific words of the same nature are used in a statute followed by the use of general ones, the general terms take their meaning from the specific ones. See United States v. Lustig, 3 Cir., 159 F.2d 798, cert. denied 331 U.S. 853, 67 S.Ct. 1737, 91 L.Ed. 1861; De Claire Mink Ranches v. Federal Foods, Inc., D.C., 192 F.Supp. 148; and United States v. Wiesenfeld Warehouse Co., D.C., 217 F.Supp. 638, jurisdiction noted, 373 U.S. 921, 83 S.Ct. 1522, 10 L.Ed.2d 421.

■■■ The case of United States v. Wiesenfeld Warehouse Company, supra, makes mention that the rule of "ejusdem generis" dictates that where a general term in a statute follows enumeration of specific words or phrases, the general term will be limited to the same general meaning as that of the enumerated specific words. Thus, we believe it was the intention of Congress in enumerating the specific creditors' remedies of execution, levy, attachment and garnishment to limit the phrase "or other legal process" to similar types of remedies available, and not to apply to attorneys representing claimants in the enforcement of a right against the Government. There is no question of an assignment in the Court's determination of attorney's fees for services rendered which services resulted in a recovery for claimant.[9]

Therefore, we hold that the language of Section 407 does not curtail the power of the District Court of the United States to decide the question of attorney's fees, which decision is incidental to the trial court exercising its full and complete jurisdiction in reviewing an appeal from the Secretary's decision.

■ The Defendant's motion requesting the Court to alter and amend its order of February 14, 1964, is denied and Plaintiff's attorney's fee is hereby ordered to be paid from Plaintiff's total accrued recovery for a period of disability from July 1, 1960, to December 23, 1963. The order of February 14, 1964 will therefore remain in effect.

8. See footnote 2.

9. Houston v. Ormes, 252 U.S. 469, 40 S.Ct. 369, 64 L.Ed. 667; Folsom v. McDonald, 4 Cir., 237 F.2d 380.