John CASTILLE

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE.

No. 10039.

United States District Court
W. D. Louisiana,
Opelousas Division.

Feb. 9, 1965.

Dubuisson & Dubuisson, Wm. A. Brinkhaus, Opelousas, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and L. H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

PUTNAM, District Judge.

The Court has before it a motion for the allowance of attorney's fees in the above-styled case, which was a petition for review of a decision of the Secretary of Health, Education and Welfare ad-

verse to the claimant, John Castille, filed in this court on February 26, 1964. Thereafter, the Secretary on his own motion obtained a remand of the case for further administrative proceedings and, according to the affidavit of counsel attached to the motion for the allowance of a fee, the claimant was successful, his benefits were raised from a monthly rate of approximately $60.00 to something in the neighborhood of $90.00, and past due payments were paid.

The motion is accompanied by an affidavit signed by the claimant and his wife, both of whom state that they employed these attorneys on a fifty per cent contingent fee basis when their claim was denied by the Secretary and that the fee arrangement was satisfactory to them at that time and is still satisfactory. They join in requesting the Court to approve such fee.

In this area of the law we find three cases of significance in addition to the provisions of the Social Security Act on this subject, Title 42 U.S.C.A. § 405(g), (i), (j), and §§ 406, 407.

In Sheppard v. Flemming, 189 F.Supp. 571 (D.C.S.D.W.Va.1960), under facts very similar to the case at bar, the Court in construing the problem presented and the pertinent sections of the Act reached the conclusion that the Secretary had sole jurisdiction to pass on the amount of fees charged by attorneys for services rendered in the administrative proceedings, but that neither the statute nor the regulations adopted pursuant thereto attempt to govern fees which may be charged by an attorney for representing his client in judicial proceedings to review decisions of the Secretary. The Court further held that the Secretary does not have jurisdiction to determine fees for services rendered in the District Court. A fee of 40% of the amount recovered, based upon a contract between the attorney and his client was approved and found to be reasonable.

In Sparks v. Celebrezze, 228 F.Supp. 508 (E.D.Tex.1964) Judge Fisher, in passing upon a situation in which there was apparently no contract between the attorney and his client, allowed a fee of 20 per cent of plaintiff's total recovery of disability benefits, and in a very comprehensive opinion reviewed the history of the statutory provisions in question and the jurisprudence flowing therefrom. The Court concluded that § 407 of the Act does not curtail the power of the District Courts to decide the question of attorney's fees, which decision is incidental to the trial court exercising its full and complete jurisdiction in reviewing an appeal from the Secretary's decision.

In Carroll v. Celebrezze, 228 F.Supp. 24 (N.D.Iowa 1964), the Court reached similar conclusions and held that the Secretary did not have jurisdiction to fix the fee charged by an attorney for representing his client in judicial proceedings for review of the Secretary's decision, relying upon Sheppard v. Flemming, supra. The Court went on to say that there was no statutory or regulatory authority conferring jurisdiction upon the Court to determine an attorney's fee on judicial review and that this determination was a matter of contract between the attorney and his client.

If this were an action in which no fee had been agreed upon and the Court were called upon to fix a reasonable fee for services rendered on a quantum meruit, we would have no hesitancy to do so on the basis of Sparks v. Celebrezze, supra, and the authorities cited in that case. However, we feel that this is a matter of contract between the attorney and his client and in view of the affidavit in this record expressing satisfaction of both claimant and his wife with the arrangements made with their attorney, and further considering the fact that according to the affidavits in the record, as a result of the proceedings in the district court substantial gains accrued to the claimants, the Court will not undertake to regulate or fix the fee. This has been done by the parties themselves. Cf. Gonzalez et al. v. Hobby, Federal Security Administrator, 213 F.2d 68 (1 Cir. 1954).

For the foregoing reasons the Court declines to fix by judicial decree an attorney's fee in the instant proceeding. An Order will be entered dismissing the motion under discussion.