**Ethelle B. ROBINSON, Plaintiff,**

v.

**Anthony CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 4346.**

United States District Court
W. D. South Carolina,
Greenwood Division.

Sept. 10, 1965.

Hugh Beasley, Greenwood, S. C., for petitioner.

Hugh Geddes Martin, Asst. Dist. Atty., and John C. Williams, Dist. Atty., for defendant.

HEMPHILL, District Judge.

Petition of original claimant seeks this Court's confirmation, approval, and direction of, and as to, the original terms of an employment contract in which, for professional services rendered by counsel, petitioner agreed to pay her attorney 50% of any amount gained by him in "back payments" due her for "disability" under the Social Security Act. It appears that Counsel represented her in preparing her case for original presentation before the Hearing Examiner in Greenwood, South Carolina, on August 17, 1962, appealed an adverse decision of February 15, 1963 (denied April 3, 1963), and thereafter filed suit in petitioner's behalf on May 20, 1963. At the Spring term of the United States District Court, Greenwood Division, for 1965, plaintiff's attorney announced that

he was ready for a hearing before the District Court, but the matter was not reached; thereafter, on June 9, 1965, the case was remanded to the Administrative level for the taking of further testimony and/or further appropriate action.

At the hearing before the Court in Columbia the District Attorney admirably admitted that the Government does not question the amount of work done, the quality, or that petitioner is now receiving Social Security benefits as a result of counsel's application and representation, in addition to the facts which counsel presented to the Court.

The Court is aware of the vigor of counsel in preparing for hearing before the matter was remanded, and accepts his uncontradicted statement that a great deal of time was spent by counsel, not only in preparing the cause for the various hearings, but in various conferences, travel, etc. This Court is presently convinced that, without counsel, petitioner, as claimant, would not have received her benefits. It logically follows that, if she could have received without counsel, the Hearing Examiner should have granted, after the hearing of August 17, 1962. It is to counsel's credit that, despite the administrative limit of fee then in effect, counsel pursued the matter to its ultimate result.[1]

The payment of back benefits dated only to November, 1960, and not to 1954, since plaintiff's age would prevent her recovery until 1960. This Court's original authority in the matter of attorney's fees was taken from Sparks v. Celebrezze, D.C., 228 F.Supp. 508, 512, from which we quote:[2]

> It seems that if Congress had intended to regulate attorneys' fees for representation in the District Courts of the United States, it would have so provided; and the determination of reasonable attorneys' fees for appearance and representation before the District Court of the United States itself, not the Secretary should not be taken from the Judiciary without a clear statutory provision to this effect. How better could claimants be protected than for the reviewing Court which has before it the complete record of the hearing below, to determine what fee is reasonable and order it to be paid from the recovery awarded plaintiff? This problem was both detected and resolved by Mr. Justice Holmes in the case of Dickinson v. Stiles, 246 U.S. 631, 38 S.Ct. 415, 62 L.Ed. 908, where he pointed out, "Congress cannot have contemplated that the claims to which its action gave rise or power [could] be paid in all cases without litigation, or that suits would be tried by lawyers for nothing, \* \* \*."

The Statute provides a ridiculous maximum fee for compensation of counsel at the hearing level, *where the determination may well shape the course* of the remaining years of a tired life well spent, dedicatedly given, at the looms of industry. If the hearing examiner acts as judge, jury, persecutor of the claimant, and advocate for the Secretary, as has been the obvious, and disgusting, practice in the Piedmont textile region of South Carolina, the *unrepresented claimant is beat before he starts.* As this Court noted in Hamlett v. Celebrezze,[3] "This Court is not going to undertake a 'campaign' to remove the prohibition against a fee greater than $10.00 \* \* [b]ut it seems that *if effective* advocacy were allowed to be brought to bear \* \* \*." We now apply the logic.

Obviously, admittedly, claimant draws her disability because of diligence of counsel. Counsel should be paid. Claimant wishes, the Government accedes.

 The question for the amount, no statute controlling at the time, is for this Court.

---

1. See Perry v. Celebrezze, 236 F.Supp. 1, 2, N. 1 (E.D.S.C.1965).

2. See also Carroll v. Celebrezze, D.C., 228 F.Supp. 24.

3. 238 F.Supp. 676.

The fee of 50% of accumulation of money from 1960 until the effective date of her award is fair, adequate, agreed upon, found just.

The Government shall mail sufficient checks of back payments, or other payments if back payments, in care of, but not payable to counsel, to permit maximum cooperation in fee payment, or parties may make such other arrangements as are usual or appropriate.

And it is so ordered.