**In re Clay S. CROUSE and John W. Gardner (Hamilton v. Celebrezze, Beckley Civil Action No. 264).**

**Civ. A. No. 3033.**

United States District Court
S. D. West Virginia,
Charleston Division.

Oct. 25, 1965.

See also D.C., 273 F.Supp. 645.

Lee M. Kenna, Charleston, W. Va., for respondent, Clay S. Crouse.

W. Robert Abbot, Fayetteville, W. Va., for Clarence Hamilton.

## MEMORANDUM OPINION

FIELD, Chief Judge.

Clay S. Crouse, an attorney duly admitted to practice in this Court, instituted an action in the Beckley division on February 3, 1961, in which he represented the plaintiff, Clarence Hamilton, against Anthony J. Celebrezze, Secretary of Health, Education and Welfare. The object of the suit was to obtain a review of the Secretary's action in denying to plaintiff a period of disability together with disability benefits as provided for under the provisions of Sections 216(i) and 223 of the Social Security Act. The

action was designated as Civil Action No. 264 on the Beckley docket, and by order entered therein on April 19, 1963, the action of the Secretary was reversed and he was directed to grant both the period of disability and the benefits for which the plaintiff had applied. Pursuant to that order Hamilton received accrued past-due benefits in the amount of $6,582.00 and $116.00 per month for life. Also as a result of the order Hamilton's two infant children received accrued benefits amounting to $5,432.00 as well as certain monthly payments to continue until each attained the age of eighteen years. Additionally, Hamilton's wife was to receive accrued benefits in the sum of $1962.00. She, however, died before these benefits were paid.

On July 10, 1963, Crouse filed an action in the Circuit Court of Raleigh County, West Virginia, against Hamilton and his two infant children, alleging that he and Hamilton entered into a contract relative to the Social Security case by the terms of which Crouse was to receive as his fee fifty per cent of the initial payments received by Hamilton, for himself, his wife or his children. Crouse asked for judgment in the amount of $6,070.00 being fifty per cent of the aggregate of the initial payments to Hamilton and the children. Incident to this action, Crouse attached $6,070.00 of a bank account standing in the name of the infant children in the Whitesville State Bank. On April 21, 1964, an order was entered in the Raleigh County action granting Crouse a judgment against Hamilton in the amount of $3,291.00. The order further provided that Crouse should recover from the infant defendants an amount to be fixed by the Court after a hearing on the reasonableness of the contract for legal services rendered said infants.

Shortly after the entry of the judgment order in Raleigh County, I was advised for the first time of these developments, and on April 28, 1964, I entered an order requiring Crouse to appear in this Court on May 14, 1964, " * * * to show cause why this Court should not enter an order to enjoin him from collecting said attorney fee, enforcing the judgment obtained by him in the Circuit Court of Raleigh County, West Virginia, proceeding under the attachment against the Whitesville Bank, or taking any other steps to collect any sum under the said employment agreement until the same has been approved by this Court." The order contained a recital of the proceedings in Raleigh County and a statement that I considered the amount of the fee unreasonable on its face and contrary to the purposes of the Social Security Act. A copy of that order is attached hereto as Appendix "A" to this opinion. On May 14, 1964, counsel for Crouse filed a motion to dismiss this proceeding on the grounds that this Court lacked jurisdiction of the subject matter, and that this Court should defer to the Circuit Court of Raleigh County which had acquired jurisdiction antecedent to this proceeding. Crouse and his counsel agreed not to proceed further in the state court action until the motion to dismiss was acted upon.

The thrust of Crouse's argument seems to be that the Raleigh County action was instituted to enforce the agreement between him and Hamilton; that no diversity or federal question existed and therefore the state court was the only forum properly available to him. Additionally he argues that since the state court had acquired jurisdiction this Court "should apply the generally recognized rules of comity and equitable abstention."

■ This controversy arose prior to the recent amendment of Section 206 of the Social Security Act, and it is true that it was generally accepted that the district courts had no authority to award attorney fees in social security reviews. See Sheppard v. Flemming, etc., (S.D. W.Va.1960), 189 F.Supp. 571. However, it is appropriate to observe that as far back as 1956 the Fourth Circuit recognized the authority of the courts to award attorney fees in the case of an infant in a social security review. Folsom v. McDonald, 237 F.2d 380. It is also inter-

esting to note that the *McDonald* rationale was extended by the Fifth Circuit in early 1965 to cover attorney fees for representation of an adult social security claimant. Celebrezze v. Sparks, 342 F.2d 286. Certainly, insofar as the infant parties are concerned, Crouse could have asked this Court for the allowance of a reasonable attorney fee in this case. This forum was not only available for that purpose but logically was the most appropriate forum. In this connection the following language in the *McDonald* opinion is pertinent (237 F.2d at 382):

"  *  *  * If counsel for the infant plaintiff are to be paid for their services, their compensation must be determined by some court and must be paid out of the fund recovered by their services. There is no more fitting manner in which this could be done than for the court under whose direction the guardian ad litem acted in maintaining the suit to fix the fees and order them to be paid from the recovery which they have secured."

█ In any event, to cast this proceeding in the posture of a conflict in jurisdiction between this Court and the Circuit Court of Raleigh County elides the real issue. The issue here is not a contest of jurisdiction between the state and federal court to enforce a contract between the parties. Rather, the issue is whether this Court, in the exercise of its general authority over the professional conduct of its attorneys, as officers of the court, towards their clients, has jurisdiction to deal summarily with the situation here presented. In my opinion such jurisdiction does exist. See In re Debbins, (E.D.Mich.1931), 53 F.2d 1018. This authority and jurisdiction was stated in Theard v. United States, (1956) 354 U.S. 278, at 281, 77 S.Ct. 1274, at 1276, 1 L.Ed.2d 1342, as follows:

"  *  *  * The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included. The court's control over a lawyer's professional life derives from his relation to the responsibilities of a court. The matter was compendiously put by Mr. Justice Cardozo, while Chief Judge of the New York Court of Appeals. ' "Membership in the bar is a privilege burdened with conditions" (Matter of Rouss [221 N.Y. 81, 84, 116 N.E. 782, 783]). The appellant was received into that ancient fellowship for something more than private gain. He became an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice.' People ex rel. Karlin v. Culkin, 248 N.Y. 465, 470–471, 162 N.E. 487, 489, 60 A.L.R. 851."

In holding that the district court had inherent authority to award an attorney fee in social security cases, in Celebrezze v. Sparks, supra, the Court observed (342 F.2d at 289):

"  *  *  * We may add that the intervention of the district courts in these cases to fix and allow reasonable counsel fees may well protect indigent claimants from oppressive and improvident arrangements."

Such an observation is equally applicable to the situation here present, and it is my conclusion that this Court in which the subject litigation was conducted can and should exercise its authority over the professional conduct of Crouse towards the indigent claimant and his infant children in regard to the reasonableness of his attorney fee.

The motion to dismiss will be denied, and the matter set for hearing as to the reasonableness of any fee or fees to be allowed.