Alan J. SWOTES, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare.

No. 16747.

United States Court of Appeals Third Circuit.

Argued Dec. 19, 1967.

Decided March 11, 1968.

As Amended March 28, 1968.

Alan J. Swotes, Philadelphia, Pa., for appellant in pro. per.

James Lightfoot, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for appellees.

Elias Magil, Rappeport & Magil, Philadelphia, Pa. (Sidney Schulman, Philadelphia, Pa., on the brief), amicus curiae.

Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

GERALD McLAUGHLIN, Circuit Judge.

Appellant is an experienced Philadelphia lawyer, of deservedly excellent reputation. In 1964 he was engaged by Mrs. Ruth Thomas to represent her and her son, Darrell Thomas, in their Social Security claims for Mother's Insurance Benefits and Child's Insurance Benefits arising out of the death of her husband, John W. Thomas. At that stage, the claims originally and on reconsideration had been denied by the Agency. The basis of the denial as to the boy had been in the holding that he was not an adopted child of John W. Thomas, the deceased insured and therefore not entitled to Child's Insurance Benefits. The application of Mrs. Thomas for Mother's Insurance Benefits was rejected because under the above holding she did not have a child in her care who qualified for benefits.

Mr. Swotes brought the claims before the Agency's Bureau of Hearings and Appeals. It is not disputed that he prepared his case thoroughly and presented it well. The Hearing Examiner decided that the relationship between Mrs. Thomas, her deceased husband and the child Darrell was that of parents and child. The Agency did not contest that finding. Mrs. Thomas and Darrell were awarded Mother's and Child's Insurance Benefits of $183. per month ($2196. per year) for approximately twelve years. It is noted that those awards are in addition to the benefits given Mrs. Thomas as a widow which were not involved here at all. On March 5, 1965 the Hearing Examiner authorized Mr. Swotes to charge and receive from his clients a fee of $300. for his services to her and Darrell. Mrs. Thomas consented to the fee order and shortly after that received her first payment of back benefits amounting to about

$4,000. To date Mrs. Thomas has not paid Mr. Swotes any of his allowed fee. Prior to the hearing Mr. Swotes did receive thirty dollars from Mrs. Thomas. On March 18, 1966, after unsuccessful attempts to collect from Mrs. Thomas, Mr. Swotes brought this suit to direct the Agency to certify his $300. fee, plus suit costs, for payment out of the funds now being paid Mrs. Thomas for herself and her son.

Appellant and the Philadelphia Bar Association, appearing as Amicus Curiae, stress that they are in nowise contesting the amount of the fee allowed.. In connection with this when Mrs. Thomas first engaged Mr. Swotes she agreed to pay him a fee equal to one third of her initial lump sum benefits. Appellant, on ascertaining that this arrangement was not in accord with 42 U.S.C.A. § 406, which inter alia regulates attorneys' fees in these Social Security benefits claims before the Secretary, stated frankly that the agreement was not enforceable and made no claim under it.

Our issue does not in any way concern the amount of appellant's fee. His service was entirely within the Agency jurisdiction. Under Section 406 "The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter * * *." After the decision in favor of Mrs. Thomas and her son had been filed, Mr. Swotes petitioned the Hearing Examiner for a fee allowance of $300., crediting Mrs. Thomas with her payment of $30. on account and leaving $270. remaining to be paid. On March 5, 1965 the Examiner entered an order whereby appellant was "authorized to charge and receive from the claimant the sum of $300. for such services." The order further stated:

"This authorization merely permits the charging and receiving of a fee not in excess of such amount without subjecting said petitioner to the penalties provided in section 206 of the Social Security Act, as amended. No fees are deducted from a party's benefits and the Social Security Administration assumes no responsibility for the payment of fees for services."

Appellant was unable to collect the balance of his fee from Mrs. Thomas. A year later, on March 15, 1966, he asked the Agency "to certify my fee for payment out of the funds now being paid to the claimants on whatever basis is acceptable to the agency."

The Hearing Examiner wrote Mr. Swotes telling him he was sorry that Mrs. Thomas had not paid the fee allowed. He restated the paragraph of his March 5, 1965 order, quoted supra, and said "As you can see from the above, we have no power beyond fixing the amount of the fee to be charged. I regret that I cannot be of greater help to you."

Thereafter Mr. Swotes started this suit in the District Court against the Secretary, alleging that the order authorizing the fee is arbitrary, capricious and in violation of law. The complaint asks that the Court certify the plaintiff's fee with suit costs, for payment out of the funds now being paid to Mrs. Thomas for herself and son. The District Court granted the defense motion to dismiss the action.

Appellant urges that this Court has jurisdiction under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009(a). He seeks to obtain comfort from the fact that Section 206, quoted earlier, merely gives the Secretary power to "prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter * * *", and says nothing about the way the allowed fees shall be paid, received or collected. He cites Celebrezze v. Sparks, 342 F.2d 286 (5 Cir. 1965). That dealt with a Social Security claim fee allowed by the District Court. It is of no help in our strictly Agency problem. Folsom v. McDonald, 237 F.2d 380 (4 Cir. 1956) and Robinson v. Celebrezze, 248 F.Supp. 149 (D.C.W.D.S.C.1965) are also concerned with District Court fee allowances. Appellant refers to the Secre-

tary's regulation 20 C.F.R. 404.976 which provides that "An attorney * * * may upon petition therefor and good cause shown charge and receive such fee for services rendered * * * before * * * a hearing examiner * * as may be approved by such * * * hearing examiner." This simply follows the statute in allowing the Secretary's Executive Officers to authorize a fee larger than the regular twenty dollar to fifty dollar fees set by the Secretary's Regulation 20 C.F.R. 404.976.

■ We do not consider that Section 206(b) (1) 42 U.S.C.A. touches this Agency fee in question. That Section has to do solely with a fee for claimant's attorney after a court renders a favorable judgment to claimant, including a fee for his lawyer.

The Philadelphia Bar Association as Amicus through its representatives has also properly and most competently argued by both brief and orally for reversal of the District Court judgment. The Association urges that the kind of situation before us goes far beyond the inexcusable non payment of the extremely modest fee requested by appellant and approved by the agency. It strongly suggests that in this particular field where admittedly attorneys are badly needed to represent claimants in the Agency proceedings, lawyers will be wary of the sort of practice which gives them no protection whatsoever in collecting the never large extra compensation which may be allowed in the event they have successfully processed their client's claim.

■ Our own examination of the mechanics of the Social Security Agency functioning under the statute and the pertinent decisional law, presented no alternative to the course followed by the Agency in this claim. The Social Security law is a protective statute as it should be. Congress in its wisdom exercised

the utmost care in guarding claimants from being mistreated.

We are happy to note that the Congress in its wisdom has now taken care of for the future, adequate assurance to attorneys of receiving their allowed fees for services to claimants on matters disposed of within the Agency jurisdiction. This was accomplished by Section 173 of the Social Security Amendments of 1967, 81 Stat. 877, P.L. 90–248, enacted January 2, 1968 which provides that:

"Section 206(a) of the Social Security Act is amended by inserting, immediately before the last sentence thereof, the following new sentences: 'Whenever the Secretary, in any claim before him for benefits under this title, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this title, the Secretary shall, notwithstanding section 205(i), certify for payment (out of such past-due benefits) to such attorney an amount equal to whichever of the following is the smaller: (A) 25 per centum of the total amount of such past-due benefits, (B) the amount of the attorney's fee so fixed, or (C) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services.' "

The above does not help appellant other than point up his unfortunate situation.

■ In this appeal the Secretary complied with the letter and spirit of the law as it then stood. The judgment of the District Court will be affirmed.