**In re Clay S. CROUSE and John W. Gardner.**

**Civ. A. No. 3033.**

United States District Court
S. D. West Virginia,
Charleston Division.

Oct. 5, 1966.

———◆———

Lee M. Kenna, Charleston, W. Va., for respondent, Clay S. Crouse.

W. Robert Abbot, Fayetteville, W. Va., for Clarence Hamilton.

OPINION

FIELD, Chief Judge.

On January 10, 1966, an order was entered in this proceeding pursuant to a memorandum opinion which had been filed on October 25, 1965, D.C., 273 F. Supp. 642, denying the motion of the respondent to dismiss this case for lack of jurisdiction, and the order further postponed the date for hearing evidence as to the reasonableness of any fee or fees to be allowed the respondent for a period of 60 days to permit respondent to test the Court's decision by petition for a writ of prohibition in the Fourth Circuit Court of Appeals. The petition for this writ was denied by the Court of Appeals and the hearing as to the reasonableness of the fee was held in Beckley on September 15, 1966. At that time counsel for the respondent did not present any evidence but elected to stand on the record in this proceeding including the record in Civil Action No. 264, Hamilton v. Celebrezze, as well as the record of the proceedings in the case of Clay S. Crouse v. Clarence Hamilton et al. pending in the Circuit Court of Raleigh County and indicated in that Court as Civil Action No. 1625.

As set forth in my memorandum opinion, Hamilton received accrued benefits in Civil Action No. 264 in the amount of $6582, and his infant children received accrued benefits in the amount of $5432. Hamilton's wife also was to receive benefits in the amount of $1962 but she, however, died before such benefits were paid. In the Raleigh County action, Crouse obtained judgment against Hamilton in the amount of $3,291, and the Court deferred further action with respect to any fee which Crouse might recover from the infant defendants until a hearing might be held on that aspect of the case. This hearing in the Circuit Court of Raleigh County was not held inasmuch as the present proceeding intervened.

A review of the record in Civil Action No. 264 indicates that it was merely a routine review challenging the action of the Secretary of Health, Education and Welfare under the appropriate review statute (Section 205(g) of the Social Security Act). The record further indicates that Hamilton was not represented by respondent at the administrative level

nor was it necessary for counsel to proceed beyond the district court level inasmuch as the Government abandoned its appeal in this case.

While Civil Action No. 264 was terminated and this controversy arose prior to the amendment of Section 206 of the Social Security Act with respect to the allowance of attorney fees, nevertheless it occurs to me that the statutory maximum furnishes an appropriate criterion for the fee to be allowed in this proceeding. There is nothing in the record to indicate that Hamilton's case presented any undue or unique problems for counsel; and, under the circumstances, it is my finding that a fee of 25% of the amount of $6582, being the accrued past due benefits received by Hamilton, would be a reasonable fee for Clay S. Crouse, Hamilton's attorney in this case. Accordingly, counsel may prepare an order allowing Clay S. Crouse a fee in the amount of $1645.50 and providing that Crouse remit any amount in excess of this allowance which he might otherwise obtain by virtue of the judgment or proceedings in Civil Action No. 1625 in the Circuit Court of Raleigh County, West Virginia. Counsel may incorporate this ruling by reference in such order.