VARNEY v O'BRIEN

Docket No. 77680. Submitted March 19, 1985, at Lansing.—Decided
December 2, 1985. Leave to appeal applied for.

Plaintiff, Warren Varney, brought an action in the Genesee
Circuit Court against defendants, John O'Brien, Genesee
County Sheriff, and seven of his deputies, including Gerald
Safford, alleging assault, excessive force, destruction of evidence
and deprivation of civil rights in regard to an incident in which
plaintiff was arrested for alleged drunk driving. Pursuant to
the local court rules, the case was mediated and the value of
plaintiff's claim was assessed at $7,500. Both parties rejected
the mediation award and the case went to trial. The jury
returned a verdict in favor of all the defendants on Counts I
and II. Under Count III, the civil rights count, only defendant
Safford was found liable. The jury, however, did not assess
damages against Safford since it found that the disciplinary
action which had been taken against Safford by the sheriff's
department had been appropriate. A judgment on the verdict
was thereafter entered. Following trial, the trial court, Thomas
C. Yeotis, J., recognizing that he had made a partly erroneous
reply to a question posed by the jury during its deliberations,
said that he would cure the error by approving plaintiff's
motion for additur. The amount of additur which the trial
court granted was $1. Both parties then moved for attorney
fees. The trial court granted both motions, offsetting the fees,

REFERENCES

Am Jur 2d, Civil Rights §§ 263 *et seq.*

Am Jur 2d, Conflict of Laws §§ 13-15.

Am Jur 2d, Costs §§ 72 *et seq.*

Am Jur 2d, Courts §§ 13, 14, 106, 135.

Recovery of additional attorney fees for time spent establishing
original entitlement to attorney fees under 42 USCS § 1988. 69
ALR Fed 712.

Construction and application of Civil Rights Attorney's Fees
Awards Act of 1976 (amending 42 USCS § 1988), providing that
court may allow prevailing party, other than United States,
reasonable attorney's fee in certain civil rights actions. 42 ALR
Fed 2433.

See also the annotations in the ALR3d/4th Quick Index under
Federal Courts.

and found that defendants owed plaintiff $5.23. In granting plaintiff's motion for fees under 42 USC 1988, the court stated that it had not considered the issues on which plaintiff had not prevailed. The court also found that only $786.25 of the actual costs of $7,815.14 presented by the plaintiff was recoverable under § 1988. Plaintiff moved for reconsideration of the trial court's disposition of attorney fees and, two years after the court's original opinion, the trial judge reversed himself. The court held that § 1988 governed such an award to the exclusion of county and state court rules. The court therefore denied defendants' motion for attorney fees and granted plaintiff attorney fees of $14,667 and costs of $786.25, for a total of $15,453.25. Defendants appeal from the order granting plaintiff attorney fees and denying attorney fees to defendants. *Held:*

1. The trial court did not abuse its discretion in finding that plaintiff was a "prevailing party" entitled to an award of attorney fees under 42 USC 1988.

2. The case is remanded to the trial court for a determination of the reasonableness of the attorney fee award in light of the significance of the overall relief obtained by the plaintiff.

3. Plaintiff's suit was not frivolous, thus, the trial court did not abuse its discretion in denying defendants attorney fees under 42 USC 1988.

4. The trial court properly reversed its initial decision regarding attorney fees and found that 42 USC 1988 had preempted the local court rule regarding mediation.

Remanded.

G. R. DENEWETH, J., concurred with the determination that the circuit court did not abuse its discretion in holding plaintiff to be the "prevailing party" and that a remand is necessary to determine the reasonableness of the attorney fee award. He dissents, however, from the finding that 42 USC 1983 preempts the local mediation court rule. He would hold that the local mediation court rule is not preempted by 42 USC 1983 and that any award under the local court rule should offset an award to plaintiff under 42 USC 1983.

OPINION OF THE COURT

1. CIVIL RIGHTS — ATTORNEY FEES — UNITED STATES CODE.

A trial court in a federal civil rights action may allow the "prevailing party", other than the United States, a reasonable attorney's fee as part of the costs; under the generous formulation of the term "prevailing party" adopted by the United States Supreme Court, a plaintiff may be considered a "prevailing party" for attorney's fees purposes if he succeeds on any

significant issue in litigation which achieves some of the benefit he sought in bringing the suit (42 USC 1988).

2. APPEAL — CIVIL RIGHTS — ATTORNEY FEES — UNITED STATES CODE.

A trial court's determination of whether or not a plaintiff "prevailed" in a federal civil rights action and is therefore entitled to an award of attorney's fees will be overturned by the Court of Appeals only if it finds that the trial court abused its discretion (42 USC 1988).

3. TRIAL — COSTS — ATTORNEY FEES.

The amount of an attorney fee to be awarded by a trial court is to be determined on the facts of each case; the starting point for determining a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate; the level of a plaintiff's success is also relevant to the amount of fees to be awarded.

4. CIVIL RIGHTS — COSTS — ATTORNEY FEES — UNITED STATES CODE.

Attorney fee awards are authorized by a federal civil rights statute in order to encourage public interest and civil rights litigation by private individuals; a prevailing plaintiff should ordinarily recover attorney fees unless special circumstances would make such an award unjust; a prevailing defendant in a civil rights case may recover attorney fees only if the trial court, in its discretion, determines that the suit was vexatious, frivolous or brought to harass (42 USC 1988).

5. CIVIL RIGHTS — COSTS — ATTORNEY FEES — CONFLICT OF LAWS — UNITED STATES CODE.

An attorney fee award to a prevailing party in a federal civil rights action, under a United States Code section pertaining thereto, is intended to encourage those deprived of their civil rights to seek legal redress as well as to ensure victims of discrimination access to the courts; the right to attorney fees created thereby, while procedural for some purposes, is designed to achieve a substantive objective, compliance with the civil rights laws; therefore, the federal statute preempts a conflicting local rule regarding attorney fees which is procedural in nature (42 USC 1988).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY G. R. DENEWETH, J.

6. COURTS — CONFLICT OF LAWS — STATE PROCEDURAL LAWS.

*State procedural law may operate in state court suits to enforce federal rights where state law does not erect artificial barriers to the use of the federal courts.*

7. COURTS — CONFLICT OF LAWS — CIVIL RIGHTS — ATTORNEY FEES —
   UNITED STATES CODE.

*Congress has chosen to grant federal and state courts concurrent
jurisdiction over deprivation of civil rights claims pursuant to
the federal statute pertaining thereto; concurrent jurisdiction
was allowed without any express intent to preempt local proce-
dure and without an exhibition of any purpose to exercise
congress' paramount authority over the subject of attorney fees;
therefore, the federal statute does not preempt a conflicting
local court rule regarding attorney fees which is procedural in
nature (42 USC 1983; 42 USC 1988).*

*James R. Buckley, P.C.* (by *James R. Buckley*
and *J. Michael Buckley*), for plaintiff.

*Buck & Mangapora* (by *Douglas I. Buck* and
*Michael J. Mangapora*), for defendants.

Before: R. B. BURNS, P.J., and R. M. MAHER and
G. R. DENEWETH,* JJ.

R. B. BURNS, P.J. Plaintiff brought this action
against the Genesee County Sheriff and seven
named deputies for assault without lawful author-
ity, excessive force, destruction of evidence, and
deprivation of civil rights under 42 USC 1983.
Pursuant to local court rule, the case was medi-
ated and the value of plaintiff's claim was assessed
at $7,500. Both parties rejected the mediation
award and the case was tried.

At trial, during its deliberation, the jury sent a
handwritten note to the judge asking if it could
"find liability without compensatory or punitive
damages". The judge responded in handwriting on
the same note, "You should attempt to complete
the seven sheets comprising the verdict forms and
you may find whatever amount of damages the
evidence warrants whether it be none, nominal or
any other amount".

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The jury returned a verdict in favor of all defendants on Counts I and II. Under Count III, the civil rights count, only defendant Safford was found liable. The jury did not assess damages against Safford. The foreman of the jury, in reciting the verdict, was allowed to explain why the jury found no damages. The foreman stated that the jury had found that the disciplinary action taken against Safford by the sheriff's department had been "appropriate".[1]

In the days that followed the trial, the parties made several post-trial motions. After hearing, the trial judge, in a written opinion, substantially ruled against plaintiff on almost all issues. The court recognized that its reply to the jury's question during deliberation had been partly erroneous. In *Carey v Piphus*, 435 US 247; 98 S Ct 1042; 55 L Ed 2d 252 (1978), the Court held that a deprivation of constitutional rights which is not shown to have resulted in actual damages entitles the plaintiff to an award of nominal damages. The trial judge said that he would cure the erroneous instruction by approving plaintiff's motion for additur. The amount of additur which the trial judge granted was $1.

Plaintiff also had made a post-trial motion requesting that the trial court grant attorney fees to him pursuant to 42 USC 1988. Defendants moved to have attorney fees and costs awarded to them pursuant to GCR 1963, 316 and Genesee County Circuit Court Rule 29, because plaintiff had rejected the mediation award. Originally, the trial

---

[1] At trial, Sheriff O'Brien testified that Safford was disciplined because he falsely certified that plaintiff had refused to take a Breathalyzer test. A drunk driving charge against plaintiff was then dismissed because plaintiff never received the opportunity to take the Breathalyzer test. Safford was suspended from work without pay for two weeks because of the incident.

court granted both motions and, offsetting the fees, found that defendants owed $5.23 to plaintiff.

In granting plaintiff's motion for attorney fees under § 1988, the court stated that it had not considered the issues on which plaintiff had not prevailed. Also, plaintiff had presented actual costs totalling $7,815.14, but the trial court granted costs only for the amount of $786.25. The court explained that some of plaintiff's actual costs had been for docket fees, deposition expenses, witness expenses and the cost of charts and maps. The court found that these costs were not recoverable under 42 USC 1988.

Plaintiff then moved for reconsideration of the trial judge's disposition of attorney fees. Two years after the court's original opinion, the trial judge reversed himself and stated that the policy considerations which were promoted by 42 USC 1988 prohibited defendants from recovering attorney fees, and that § 1988 governed to the exclusion of county or state court rules. The trial court disallowed defendants' motion for attorney fees and granted plaintiff attorney fees in the amount of $14,667 and costs in the amount of $786.25 for a total of $15,453.25.

Defendants appeal from the order granting plaintiff attorney fees and denying attorney fees to defendants. Plaintiff responds but does not cross-appeal.

## I

Did the trial judge abuse his discretion in determining that plaintiff was a "prevailing party" entitled to an award of attorney fees under 42 USC 1988?

Title 42 USC 1988 provides that in federal civil rights actions "the court, in its discretion, may

allow the prevailing party, other than the United States, a reasonable attorney's fee as a part of the costs".

In *Hensley v Eckerhart,* 461 US 424, 433; 103 S Ct 1933, 1939; 76 L Ed 2d 40, 50 (1983), the United States Supreme Court, citing *Nadeau v Helgemoe,* 581 F2d 275, 278-279 (CA 1, 1978), held that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit". The Supreme Court characterized this standard as a "generous formulation".

In the instant case, the jury found one of the eight defendants liable on one of the three counts. The defendnat who was found liable on the civil rights count appears to have been the defendant most responsible for the alleged assault on plaintiff.

On appeal, the trial court's determination of whether or not plaintiff "prevailed" may be overturned only if this Court finds that the trial judge abused his discretion. *Reichenberger v Pritchard,* 660 F2d 280, 288 (CA 7, 1981). Because the jury did find plaintiff's civil rights had been violated by one defendant, and because the Supreme Court has adopted a "generous formulation" of the term "prevailing party" under 42 USC 1988, we cannot say that the trial court abused its discretion in finding plaintiff a "prevailing party".

II

Was the amount of attorney fees awarded pursuant to 42 USC 1988 reasonable?

The amount of an attorney fee must be determined on the facts of each case. The starting point for determining a reasonable fee is the number of

hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 US 433. In the instant case, there is no dispute as to the hours expended or the hourly rate.

Next, the level of a plaintiff's success is relevant to the amount of fees to be awarded. In *Hensley, supra,* 461 US 434, the Court explained:

"*This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief.* In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" (Footnote omitted; emphasis added.)

In regard to the first question, the Supreme Court wrote:

"In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants—often an institution and its officers, as in this case—counsel's work on one claim will be unrelated to his work on another claim.

\* \* \*

"In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.,* pp 434-435.

Since the instant case involved common core

facts and related legal theories, the suit cannot be viewed as a series of discrete claims. In awarding attorney fees the trial judge stated that he did not consider any issue upon which plaintiff did not prevail. Therefore, we focus upon the second inquiry, "the significance of the overall relief obtained". *Id.,* p 435.

In the instant case, plaintiff brought three related counts against eight defendants and prevailed only upon the count specifically addressing the civil rights violation and then against only one defendant. Plaintiff was awarded $1 in damages. Because the relief that plaintiff obtained was slight, the fee award in the instant case should have been limited. *Id.,* pp 436, 438, fn 14. Because the opinion and order of the trial court did not consider the significance of the results achieved by plaintiff, we remand to the trial court for a determination of the reasonableness of the attorney award in light of *Hensley.*

## III

Should a local court rule which allows a party to collect costs and attorney fees incurred after mediation be enforced in favor of defendants?

Fee awards are authorized by 42 USC 1988 in order to encourage public interest and civil rights litigation by private individuals.[2] A prevailing

---

[2] As Justice Brennan wrote in *Hensley, supra,* pp 57-58:

"In enacting § 1988, Congress rejected the traditional assumption that private choices whether to litigate, compromise, or forgo a potential claim will yield a socially desirable level of enforcement as far as the enumerated civil rights statutes are concerned.

" 'All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.

" 'In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire

plaintiff should ordinarily recover an attorney fee unless special circumstances would make such an award unjust. On the other hand, a prevailing defendant in a civil rights case may recover attorney fees only if the trial court, in its discretion, determines that the suit was vexatious, frivolous or brought to harass. *Hensley, supra,* 461 US 429, fn 2.

We agree with the trial judge that the instant suit cannot be viewed as frivolous. Accordingly, the trial court did not abuse its discretion in denying defendant attorney fees under 42 US 1988.

Defendants also contend they were entitled to receive attorney fees pursuant to Genesee County Court Rule 29, which concerns mediation and provides in pertinent part:

"In the event both parties reject the evaluation of the mediation board and the judgment or verdict is within 10 percent above or below the mediation board's evaluation, each party shall be responsible for his own costs from the date of mediation. Should the verdict or judgment be more than 10 percent above the evaluation of the mediation board, the Defendant shall be taxed actual costs, and should the verdict or judgment be more than 10 percent below the evaluation of the mediation board, the Plaintiff shall be taxed actual costs."

Prior to trial in this case, a mediation panel assessed the value of plaintiff's claim at $7,500. Both parties rejected the mediation evaluation. Since the verdict was "more than 10 percent below the evaluation of the mediation board", if the

a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must recover what it costs them to vindicate these rights in court.' " (Quoting S Rep No. 94-1011, 94th Cong., 2d Sess, Report 2.) (Footnote omitted.)

court rule is applied, plaintiff is required to pay actual costs. Rule 29.14 of the relevant local court rule defines "actual costs" to "include those costs and fees taxable in any civil action, and in addition, an attorney fee at the rate of $350.00 for each day of trial in Circuit Court".

Thus, the issue here involves the interplay between a federal statute which awards this plaintiff attorney fees and a local court rule which awards them to the defendants. The trial judge reversed his initial decision that offset the fee awards against each other, finding that the federal statute had preempted the local court rule. We agree.

The attorney fee award to a prevailing plaintiff under 42 USC 1988 is intended to encourage those deprived of their civil rights to seek legal redress as well as to ensure victims of discrimination access to the courts. *Hensley, supra.* The right to attorney fees created by 42 USC 1988, while procedural for some purposes, is designed to achieve a substantive objective—compliance with the civil rights laws. *Chesny v Marek,* 720 F2d 474, 479 (CA 7, 1983).

The local court rule involved in this case is similar to the mediation rules under the General Court Rules,[3] GCR 1963, 316.7, 3.16.8. See MCR 2.403(0). In *Maple Hill Apartment Co v Stine,* 131 Mich App 371, 375; 346 NW2d 555 (1984), our Court, while recognizing that the line of demarcation between substantive and procedural rules is not easy to resolve, found that the provision for the award of costs, GCR 1963, 316.8, "may reasonably be classified as 'procedural' in nature". The policy underlying the rule is to place the burden of litigation costs upon the party who insists upon a

---

[3] The General Court Rules concerning mediation were not adopted until after the mediation award on this case was rejected.

trial by rejecting a proposed mediation award. 131 Mich App 376.

We think that the effectiveness of 42 USC 1988 would be undermined if the rejection of a mediation award that turned out to be more favorable than the judgment the plaintiff eventually received prevented the plaintiff from getting an award of attorney fees. *Chesny, supra,* p 478.

This is not a situation where defendants may recover attorney fees in defending the counts which did not allege civil rights violations, because the record before us does not indicate that the counts are so distinct that in actuality there were two or three different lawsuits. In sum, because all the counts in the instant case involve a common core of facts and related legal theories and because Congress through 42 USC 1988 has expressed a desire to encourage private enforcement of civil rights, we conclude that the local court rule upon which defendants rely has been preempted and, therefore, defendants are not entitled to recover attorney fees.

## IV

Should a plaintiff who has been awarded $1 in damages be allowed to collect costs in disregard of GCR 1963, 526.6?

GCR 1963, 526.6 provides:

"Costs in Certain Trivial Actions in Circuit Court. In any action brought in the Circuit Court for damages in contract or tort, if the plaintiff recovers less than 100 dollars, unless his claim is reduced below 100 dollars by counterclaim, he shall recover no more cost than damages."

Defendants have not cited, nor are we aware of, any case which holds that a civil rights action

under § 1988 is a tort for purposes of GCR 1963, 526.6. Moreover, in the instant case, plaintiff presented actual costs to the trial court totaling $7,815.14. The trial judge allowed only $768.25, or approximately 10% of these costs, in reliance upon *Northcross v Bd of Ed of Memphis City Schools,* 611 F2d 624 (CA 6, 1979). Thus, the only costs that were allowed were those expenses "included in the concept of attorney's fees as 'incidental and necessary expenses incurred in furnishing effective and competent representation,' and thus are authorized by section 1988". *Id.,* p 639. The over $7,000 in costs which were not allowed were "those costs incurred by a party to be paid to a third party, not the attorney for the case, which cannot reasonably be considered to be attorney's fees". *Id.*

Therefore, the costs which defendants now contest are in actuality part of the attorney fee award which we have addressed in our discussion of the previous issues.

Remanded.

R. M. MAHER, J., concurred.

G. R. DENEWETH, J. *(concurring in part and dissenting in part).* I concur that the circuit court did not abuse its discretion in holding plaintiff to be the prevailing party and concur that a remand is necessary to determine the reasonableness of the attorney fee award, but find myself unable to agree that 42 USC 1983 preempts the mediation rule.

I believe that the majority has misjudged the interplay of the federal remedy sought in state court and that state court's procedural rules.

Congress, in its infinite wisdon, has chosen to grant federal and state courts concurrent jurisdiction over deprivation of civil rights claims pursu-

ant to 42 USC 1983. Congress must be presumed to know that the state courts employ differing procedural rules which could well effect the remedy in a 42 USC 1983 action. Nonetheless, concurrent jurisdiction was allowed without any express intent to preempt local procedure and without an exhibition of any purpose to exercise Congress's paramount authority over the subject of attorney fees. 42 USC 1988 simply states in relevant part:

"[T]he court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fee as part of the costs."

The interplay of state procedural laws which operate in state court suits to enforce federal claims has been addressed by the United States Supreme Court in *Dickinson v Stiles,* 246 US 631; 38 S Ct 415; 62 L Ed 908 (1918), and *Missouri, K & T R Co of Texas v Harris,* 234 US 412; 34 S Ct 790; 58 L Ed 1377 (1914). Both cases involved claims brought in state courts where concurrent jurisdiction existed. They may be summarized as holding that state procedural law may operate in state court suits to enforce federal rights where state law does not erect artificial barriers to the use of the federal courts. 1 Derfner & Wolf, Court Awarded Attorney Fees, § 14.03, p 14-15.

The mediation rule in question raises no barrier to the use of the federal courts. Plaintiff elected to bring his action in *state court* to enforce a federal right. This was purely a voluntary and personal decision perhaps based on strategic reasons. He could have pursued his remedy in federal court and no question of mediation sanctions would have arisen. Having chosen to bring his action in state court, with its attendant procedural advantages and/or limitations, plaintiff cannot now complain that the mediation rule should not apply to him.

I would hold that the mediation rule is not "preempted" and that any award under it should offset an award to plaintiff under 42 USC 1983.