PATTERSON v CATALINE

Docket No. 117134. Submitted April 3, 1991, at Detroit. Decided May 7, 1991, at 9:40 A.M. Leave to appeal sought.

Dorsey Patterson brought an action in the St. Clair Circuit Court against Lyle Cataline and Richard Jefferson, alleging a violation of his civil rights under 42 USC 1983. All parties rejected a mediation panel evaluation of $1.25 million in favor of the plaintiff, and a jury subsequently rendered a verdict of no cause of action. The court, James T. Corden, J., denied the defendants' request for sanctions pursuant to MCR 2.403(O)(1) for the plaintiff's rejection of the mediation evaluation, ruling that the court rule is preempted by 42 USC 1988, which allows an award of attorney fees to a prevailing defendant only when the plaintiff's action was frivolous. The defendants appealed.

The Court of Appeals *held:*

MCR 2.403(O)(1) should be utilized in conjunction with 42 USC 1988 in assessing costs as a sanction for the rejection of a mediation evaluation in an action under 42 USC 1983.

Reversed and remanded for assessment of actual costs.

CIVIL RIGHTS — COSTS — ATTORNEY FEES — MEDIATION.

A trial court in assessing costs as a sanction for the rejection of a mediation evaluation in a civil rights action under federal law should utilize both the federal statute and the Michigan court rule on mediation (42 USC 1983, 1988; MCR 2.403[O]).

*McIntosh, McColl, Carson, McNamee, Strickler & Houle* (by *John C. McColl*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Timothy Young* and *Marcia L. Howe*), for the defendants.

Before: DANHOF, C.J., and GRIFFIN and FITZGERALD, JJ.

REFERENCES
Am Jur 2d, Civil Rights §§ 331 et seq.

PER CURIAM. Defendants, Lyle Cataline and Richard Jefferson, appeal as of right from the trial court's order denying mediation sanctions following a jury verdict of no cause of action. Defendants' motion for rehearing was denied. We reverse.

The underlying civil rights suit involved plaintiff's allegations that defendants, who were police officers, used excessive force in arresting him. A third defendant who was included in the original suit settled with plaintiff before a verdict was reached.

Mediation resulted in an evaluation of $1.25 million for plaintiff against all three defendants, jointly and severally. All parties rejected the mediation evaluation. Following a jury trial, a judgment of no cause of action was entered.

Defendants filed a motion for mediation sanctions, including costs and attorney fees. Plaintiff objected to an award of mediation sanctions, arguing that 42 USC 1988 controlled the civil rights case and that attorney fees for a prevailing defendant can only be awarded upon a finding that the plaintiff's action was frivolous. The trial court agreed with plaintiff in denying defendants' request for mediation sanctions.

Where both parties reject a mediation evaluation and the matter proceeds to trial, a party is entitled to actual costs if the verdict is more favorable to that party than the mediation evaluation. MCR 2.403(O)(1); *Zalut v Andersen & Associates, Inc,* 186 Mich App 229, 231; 463 NW2d 236 (1990).

A panel of this Court has addressed the issue presented to us in the context of a local court rule providing for mediation sanctions. *Varney v Genesee Co Sheriff (On Remand),* 156 Mich App 539, 544; 402 NW2d 57 (1986). Citing *Marek v Chesny,*

473 US 1; 105 S Ct 3012; 87 L Ed 2d 1 (1985), this Court held that both 42 USC 1988 and the local court rule providing for mediation sanctions should be utilized by the court in assessing costs. The ruling reversed a previous decision by the same panel which held that 42 USC 1988 preempted state court rules on the basis of the policy behind 42 USC 1988 of encouraging the private enforcement of civil rights and ensuring victims of discrimination access to the courts. *Varney v O'Brien,* 147 Mich App 397, 407-408; 383 NW2d 213 (1985) (G. R. Deneweth, J., dissenting in part).

We hold that the state court rule providing for mediation sanctions, MCR 2.403(O)(1), should be utilized in conjunction with 42 USC 1988 in assessing costs. *Varney, supra.* Thus, the trial court erred in holding that 42 USC 1988 controlled any award of attorney fees or costs in this case.

Reversed and remanded to the trial court for assessment of actual costs. MCR 2.403(O)(1).