**KOLLSMAN, A DIVISION OF SEQUA CORPORATION Plaintiff,**

**v.**

**CUBIC CORPORATION, Cubic Defense Systems, Inc. and Victor D. Cohen Defendants.**

**Civ. A. No. 91–1943–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 26, 1992.

Charles Torrence Armstrong, McGuire, Woods, Battle & Boothe, Alexandria, Va., for plaintiff.

Rodney Page, Arent, Fox, Kinpner, Plotkin & Kahn, Vienna, Va. and David Rosenblum, Rosenblum & Rosenblum, Alexandria, Va., for defendants.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the Court on Defendant Victor D. Cohen's motion for guardian *ad litem* fees. This suit was brought by the Plaintiff against two corporate Defendants, Cubic Corporation and Cubic Defense Systems, Inc. and an individual, Victor D. Cohen. The complaint alleged violations of the Robinson–Patman Act, the Sherman Act, RICO, RICO conspiracy, common law fraud, unjust enrichment, intentional interference with contractual relations, intentional interference with prospective contractual relations, civil conspiracy, and conspiracy to harm a business.

Defendant Cohen pleaded guilty to violations of federal law arising out of the same conduct complained of in this case, and has been a federal prisoner since January, 1992. On February 4, 1992, Cohen wrote a letter to the Court stating that he had insufficient funds to afford himself representation in this matter and requested that the Court appoint him an attorney or give him access to a law library. On March 20, 1992, a guardian *ad litem* was appointed to represent Mr. Cohen pursuant to § 8.01–297 of the Virginia Code. Section 8.01–297

of the Virginia Code requires that in all actions against an individual who has been incarcerated following conviction of a felony, a guardian *ad litem* shall be appointed for him subject to § 8.01–9 of the Virginia Code. Section 8.01–9 of the Virginia Code requires that any guardian *ad litem* shall not be liable for costs, and further, that if the estate of the individual being represented is inadequate, the guardian's compensation may be taxed as costs in the proceeding.

Cohen argues that Kollsman should pay the expenses of the guardian. The original order appointing the guardian entered on March 20, 1992 required Kollsman to pay the guardian's fees. However, on April 10, 1992 Kollsman made a motion for reconsideration of this order. The Court granted the motion and ordered that "any fees shall be assessed at the conclusion of this case."

■ The issue has been raised as to whether to apply Virginia or Maryland law to resolve the question of who should pay fees. Kollsman contends that under Fed. R.Civ.P. 17(b) Virginia law simply does not apply to this issue, rather Maryland law governs the dispute. *See* Md.R.Civ.Pro. 2–202. The issue of which state's law to apply is not a great concern since both states have similar requirements. In either state the law provides that a guardian shall be appointed and compensated for his services. This is a diversity case. Kollsman chose to file in the Eastern District of Virginia. Virginia law requires a guardian to be appointed in order to maintain the suit. Cohen's guardian was appointed under § 8.01–297 of the Virginia Code, and this Court finds that Virginia law should apply.

■ The Virginia Supreme Court has not ruled upon a case wherein the question is raised of whether or not a successful civil Plaintiff should pay guardian *ad litem* fees incurred on behalf of an indigent defendant. This Court must determine what the Virginia Supreme Court would do if presented with the question. One way of determining what the Court would do is to look at previous decisions of Virginia Circuit Courts. Two Virginia Circuit Courts have

looked at this issue and both have held that the plaintiff could properly be held to bear the cost of the guardian's fees.

In *Englehart v. Green*, 2 Va.Cir. 5 (Henrico Cty.Cir.Ct.1980), the plaintiff filed a civil suit for damages for personal injuries sustained while performing his duties as a police officer. Plaintiff asserted that defendant had unlawfully and intentionally assaulted him. At the commencement of the suit, the defendant was an indigent convicted felon serving a sentence at a state correctional institution. Upon the motion of plaintiff, a guardian *ad litem* was appointed for the defendant under Va. Code §§ 8.01–297 and 8.01–9. After a favorable jury verdict awarding both compensatory and punitive damages for the plaintiff, the question arose as to how to compensate the guardian *ad litem* for his services. The Henrico County Circuit Court noted the lack of authority in Virginia and assessed the guardian's fee against the successful plaintiff based upon the Texas Supreme Court's holding in *Bruni v. Viduarri*, 140 Tex. 138, 166 S.W.2d 81 (1942). The Henrico County Court quoted the general rule set forth by the Texas court as follows:

> The general rule is that the fee for representing a minor defendant should be taxed against the minor personally served with the citation when the judgment in the case is unfavorable to him and it is shown that he has property out of which the fee can be collected, but that when the minor has no property or estate out of which the fee can be collected, the court should charge it against the successful plaintiff. The fee is allowed as compensation for services rendered the minor but is authorized to be taxed as a part of the costs of suit and is deemed costs incurred by the plaintiff within the meaning of the statute.

*Id.* at 11 (*quoting Bruni v. Viduarri, supra* 166 S.W.2d at 96.)

Similarly, in *Infant C. v. Boy Scouts of America et al.*, 23 Va.Cir. 168 (Fairfax Cty.Cir.Ct.1991); 19 Va.Cir. 5 (1989), *rev'd on other grounds*, 239 Va. 572, 391 S.E.2d 322 (1990), the guardian *ad litem* fees incurred in the defense of an indigent incarcerated defendant were assessed against the plaintiff. In *Infant C.*, a twelve year old plaintiff boy scout alleged severe psychological, emotional and physical harm stemming from a homosexual relationship initiated by his scoutmaster, one of three defendants in the case. The scoutmaster was convicted on criminal charges and incarcerated. All plaintiff's counts against the defendant scoutmaster were stricken at the close of the evidence. On appeal, the Virginia Supreme Court reversed the trial court's decision to strike the evidence as to Count IV of the plaintiff's motion for judgment, granted plaintiff a new trial and left open the question of which party should pay the guardian *ad litem's* fees incurred in the first trial. On remand, the Fairfax County Circuit Court found the plaintiff responsible for the expenses of the scoutmaster's guardian in the first trial. The Fairfax County Circuit Court expressly stated that a successful plaintiff can be held to pay the costs of a guardian *ad litem* out of the sums recovered when the defendant's estate is inadequate. The Fairfax Court noted that "[t]he primary purpose behind imposing the cost on the plaintiff is that 'the appointment of the guardian *ad litem* [is] necessary in order to protect the validity of the judgment awarded the plaintiff'," stating further that "it is simply a burden the plaintiff must bear in bringing the suit". *Id.* at 174 (quoting *Englehart v. Green*, 2 Va.Cir. at 11.

The reasoning of *Englehart* and *Infant C.* requires that Cohen's guardian *ad litem* fees should be paid by Kollsman. Kollsman could not have maintained the suit nor protected the validity of the judgment in the absence of an appointment of a guardian *ad litem*. *See Moses v. Akers*, 203 Va. 130, 122 S.E.2d 864 (1961). Kollsman was the primary beneficiary of the suit, obtaining a monetary settlement which, according to Kollsman's own admission, established it as the successful party in the action. The guardian has presented a bill for $49,302.50 in fees and $496.56 in expenses. Both Plaintiff and Defendant agree that a review of these figures should be done pursuant to the law of the Fourth Circuit. The

Court thus takes into consideration the *Johnson* factors utilized for evaluating the reasonableness of the fees charged by the guardian as approved in *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir.1978) and affirmed in *E.E.O.C. v. Service News Co.*, 898 F.2d 958 (4th Cir.1990). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Counsel for Mr. Cohen reviewed reams of documents produced by the Air Force, eleven storage boxes of documents produced by Cohen's former attorneys and hundreds of documents produced as deposition exhibits. Counsel spent numerous days participating in depositions. The total time expended was 266.5 hours, which is exclusive of staff time spent in compiling and indexing the extensive pleadings and motions filed.

Counsel is one of only three partners in his firm. Both the nature of the case and the Court's scheduling order mandated that a significant amount of his time be devoted to the attendance of this case. Indeed the depositions alone required Counsel to block out entire weeks and days away from the office.

Counsel's customary hourly rate is $185.00 per hour. This rate is well within the range charged by competent, experienced counsel in this area. The number of hours spent by the guardian are reasonable when compared to other cases of similar complexity. And, the Plaintiff received a substantial settlement as a result of this action.

For the foregoing reasons, the Defendant's motion is granted and the fees of the guardian *ad litem* in the amount of $49,-302.50, and expenses in the amount of $496.56, shall be paid by Plaintiff.