**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BEST INDUSTRIES, INCORPORATED,
Plaintiff-Appellant,

v.

CIS BIO INTERNATIONAL,
INCORPORATED; CIS-US,

INCORPORATED; JEAN-PIERRE CABOCEL;
CHARLES PANNECIERE; DAVID B.
READER; NORTH AMERICAN
SCIENTIFIC, INCORPORATED; MICHAEL
CUTRER,
Defendants-Appellees.

No. 97-1217

BEST INDUSTRIES, INCORPORATED,
Plaintiff-Appellee,

v.

NORTH AMERICAN SCIENTIFIC,
INCORPORATED; MICHAEL CUTRER,
Defendants-Appellants,

and

No. 97-1412

CIS BIO INTERNATIONAL,
INCORPORATED; CIS-US,
INCORPORATED; JEAN-PIERRE CABOCEL;
CHARLES PANNECIERE; DAVID B.
READER,
Defendants.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-96-737-A)

Argued: December 3, 1997

Decided: February 2, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Peter Christopher Grenier, GINSBURG, FELDMAN &
BRESS, CHARTERED, Washington, D.C., for Appellant. William C.
Brashares, MINTZ, LEVIN, COHN, FERRIS, GLOVSKY &
POPEO, P.C., Washington, D.C.; Michael John Lyle, D'ANCONA &
PFLAUM, Chicago, Illinois, for Appellees. **ON BRIEF:** John E.
Schwarz, GINSBURG, FELDMAN & BRESS, CHARTERED,
Washington, D.C.; Craig C. Reilly, RICHARDS, MCGETTIGAN,
REILLY & WEST, P.C., Alexandria, Virginia, for Appellant. Wil-
liam A. Davis, MINTZ, LEVIN, COHN, FERRIS, GLOVSKY &
POPEO, P.C., Washington, D.C., for Appellees CIS-US and Reader;
Kathleen H. Klaus, D'ANCONA & PFLAUM, Chicago, Illinois;
David G. Fiske, Michael J. Wendorf, SHAW, PITTMAN, POTTS &
TROWBRIDGE, Washington, D.C., for Appellees North American
Scientific and Cutrer.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The plaintiff-appellant, Best Industries, Inc. (Best), appeals the determination of the amount of attorneys' fees and costs awarded to defendants-appellees, CIS-BIO International, Inc. and CIS-US, Inc. (collectively, CIS) and North American Scientific, Inc. (NAS), as a condition for allowing Best to dismiss its complaint without prejudice. NAS cross-appeals the determination that it was not a prevailing party eligible to receive attorneys' fees under the Virginia Uniform Trade Secrets Act. We vacate the order dismissing the complaint with prejudice, vacate the order determining the fees and costs awarded to CIS and NAS, and remand for a redetermination of the awardable fees and costs. We affirm the determination that NAS is not entitled to attorneys' fees under the Virginia Uniform Trade Secrets Act.

I.

Best, a Virginia manufacturer of medical supplies, produces various products for brachytherapy, a medical treatment for cancer which involves the insertion of radioactive "seeds" either close to or inside a tumor for controlled radiation therapy. Recently, Best developed the technology for a new type of brachytherapy seed made of radioactive iodine-125. Best also developed a proprietary analysis of the brachytherapy market to assist in marketing the new product.

In 1995 Best entered into negotiations for the sale of its technology or business to CIS. The negotiations focused on the manufacture and sale of the brachytherapy seeds. Best and CIS entered into a "non-disclosure, non-use confidentiality agreement" that bound CIS to keep confidential any trade secrets disclosed by Best during the negotiations. Best alleges that after CIS received proprietary information from Best, CIS broke off the negotiations. Shortly thereafter, Best claims, CIS joined with NAS to manufacture the brachytherapy seeds. Best also claims that CIS used its (Best's) protected pricing and marketing information in developing a strategy to enter the brachytherapy seed market.

3

On May 28, 1996, Best sued CIS and NAS under diversity jurisdiction in the Eastern District of Virginia. Best's complaint pressed a variety of state law claims, including claims under the Virginia Uniform Trade Secrets Act, relating to the alleged misappropriation of its proprietary marketing analysis and strategy by CIS and NAS. CIS and NAS answered, denying the charging allegations. On December 9, 1996, after discovery had ended, Best moved for a voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The district court granted the motion on the condition that Best pay CIS and NAS's attorneys' fees and costs for that portion of their work which "would not inure to the benefit of defendants in the event any future action is refiled."

CIS and NAS each filed separate requests for reimbursement of fees and costs. CIS calculated its fees and costs for work lacking future benefit to be $278,893. Appended to CIS's request were three charts summarizing the fees and costs the company incurred in the litigation. The first chart set forth, for each law firm representing CIS, the total amount billed and the "amount useful if action refiled." The next chart set forth by category of services the attorneys' fees representing work that "will be useful to [CIS] in a refiled action." This chart contained four entries, with headings such as "Legal research regarding trade secrets." The third chart filed by CIS set out the attorneys' fees that allegedly would not inure to its benefit in a future action. Only five categories appear in this chart, with descriptions such as "Procedural Matters," "Litigation Strategy," and "Other." CIS also included a three-page affidavit from one of its lawyers attesting to the total amount of fees and asserting that "virtually all of [local counsel's] fees and costs . . . would not be useful if the case is refiled." After Best opposed the CIS fee request, CIS submitted another chart in reply. This chart was devoted to what CIS claimed was "the extraordinary procedural misconduct by Best . . . that caused the CIS defendants to spend" the claimed amounts of fees and costs. This four-page chart did not tie fee amounts expended to particular actions by Best, nor did the chart indicate whether those expenditures would be useful to CIS in a subsequent action.

NAS's submission included lengthy exhibits, including billing records, regarding the fees and costs ($74,636) it allegedly incurred. A number of the entries in these exhibits contained generalized

4

descriptions such as "office conference . . . regarding analysis and strategy," "phone conference with client regarding factual background of litigation," and "phone call . . . regarding . . . lawsuit."

Together, CIS and NAS sought $353,529 in fees and costs they claimed would be of no benefit in future litigation.

After receiving these submissions, and Best's objections, the district court issued an order on January 10, 1997, setting the total amount of the fees and costs to be paid by Best at approximately $160,000. The fees portion was arrived at by dividing the requests in half. However, all local counsel fees were awarded to CIS as a disbursed cost, without explanation. The district court noted in its opinion that its method "may result in a less than accurate determination of which fees and costs will not have to be duplicated." The court nevertheless "conclude[d] that the requirement of these payments is sufficient to satisfy the purpose the court intended."

On January 17, 1997, Best moved to modify the terms and conditions of dismissal or in the alternative to allow it to refuse the conditions altogether. The district court denied the motion, noting that "at this late date the court is unwilling to permit plaintiff to withdraw [its] motion for a voluntary dismissal . . . [because] plaintiff has had ample opportunity well before now to choose its alternative." Because Best did not pay the fees and costs fixed by the court, its claims were dismissed with prejudice on January 24, 1997. Best then filed a notice of appeal.

Shortly thereafter, NAS filed a motion for more attorneys' fees under the Virginia Uniform Trade Secrets Act, alleging that Best had acted in bad faith because it failed to make reasonable inquiry before filing suit. The district court denied this motion on February 21, 1997, holding that because Best had "voluntarily dismissed" its complaint, NAS could not be considered a prevailing party. Further, the court found that there was insufficient evidence to show that Best had acted in bad faith. NAS filed a cross appeal.

II.

After the defendants have answered a complaint, "an action shall not be dismissed at the plaintiff's instance save upon order of the

5

court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The decision to grant voluntary dismissal is reviewed for abuse of discretion. See Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). A court may condition a voluntary dismissal without prejudice on the payment of the nonmoving party's attorneys' fees and costs in the litigation. See id. at 1276. In calculating the amount of fees and costs to be awarded, the district court must first determine that the fruits of the work attributable to the fees cannot be carried over to another action. It is an abuse of discretion to award fees when the product of those fees can easily be carried over to subsequent litigation. See id.

In Cauley v. Wilson, 754 F.2d 769 (7th Cir. 1985), the defendant submitted a two-page affidavit and one-page itemization to support its application for an award of attorneys' fees. The court halved the request and fixed that amount to be paid by the plaintiff as the condition for dismissal without prejudice under Rule 41(a)(2). The Seventh Circuit reversed, holding that by accepting a "sketchy itemization" and merely cutting the request in half, the district court abused its discretion. Id. at 772; see also Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993) (reversing attorneys' fees award based on fee application in chart form with only general descriptions).

In this case, CIS and NAS submitted two very different fee requests. Neither of these submissions, however, provided sufficient basis for determining whether the items for which an award was requested could not be used in future litigation. Like our sister circuits, we believe that a summary itemization with broad headings such as "litigation strategy" and "other" does not provide the specificity required to make that determination. As the district court acknowledged, CIS and NAS did not "break down their requests" beyond these general categories. Because of the inadequacy of the fee requests in this case, the district court was forced to estimate the fee amount attributable to nonreusable work by cutting the requests in half. That determination does not permit us to engage in meaningful appellate review. We therefore vacate the dismissal with prejudice and the order setting the amount of fees and costs to be paid by Best, and we remand for redetermination of the fee and cost award after the district court receives more thorough and explicit submissions from CIS and NAS, as well as further objections from Best.

6

III.

The district court denied NAS's motion for additional attorneys' fees under the Virginia Uniform Trade Secrets Act. That statute permits a court to "award reasonable attorneys' fees to the prevailing party" in a suit under its provisions. Va. Code§ 59.1-338.1. Fees may be awarded if "the court determines that [ ] a claim of misappropriation is made in bad faith." Id. The statute does not define what constitutes a "prevailing party."

NAS claims that a voluntary dismissal without prejudice by a plaintiff makes the defendant a prevailing party eligible to receive attorneys' fees under this statute. Best argues that since a dismissal without prejudice permits the suit to be relitigated in a separate action, and is not a decision on the merits, NAS could not be considered a prevailing party and should not be awarded additional fees.

We have not staked out a definitive position on this issue. In Kollsman v. Cohen, 996 F.2d 702 (4th Cir. 1993), we indicated that a dismissal "whether on the merits or not," generally means that the defendant is a prevailing party. Id. at 706. Kollsman involved a dismissal with prejudice, however, leaving the defendant without risk of further litigation on the claim. As a result, Kollsman does not provide direct support for the proposition that a dismissal without prejudice makes the defendant a prevailing party.

There are two distinct views on whether the defendant becomes a "prevailing party" when the plaintiffs obtain a voluntary dismissal without prejudice. The original view is that even when a voluntary dismissal without prejudice is granted, "the defendant is deemed to be the `prevailing party' unless expressly provided otherwise." Norris v. Turner, 637 F. Supp. 1116, 1124 (N.D. Ala. 1986). The leading case for this view is Corcoran v. C.B.S., 121 F.2d 575 (9th Cir. 1941). In that case, the court found that "[w]here, as here, a defendant has been put to the expense of making an appearance . . . and the plaintiff then voluntarily dismisses without amending his pleading, the party sued is the prevailing party . . . even though he may, at the whim of the plaintiff, again be sued on the same cause of action." Id. at 576 (citations omitted).

7

The more recent view is illustrated by <u>Szabo Food Service, Inc. v. Canteen Corp.</u>, 823 F.2d 1073 (7th Cir. 1987), in which the Seventh Circuit refused to grant attorneys' fees to the defendant pursuant to 42 U.S.C. § 1988(b) after the plaintiff obtained a voluntary dismissal without prejudice.* Judge Easterbrook, writing for the court, noted that under a dismissal without prejudice the defendant was still at risk from litigation on the claim. Accordingly, the court held that a dismissal under Rule 41(a) is not "the practical equivalent of a victory for the defendant on the merits," and the defendant could not be considered a prevailing party. <u>Id.</u> at 1076-77.

The purpose of a voluntary dismissal without prejudice under Rule 41(a)(2) is to permit the plaintiff to refile his suit at a later time. In fact, attorneys' fees as a condition for such a dismissal may only be awarded for work that could not be used again in a future suit. <u>See Davis v. USX Corp.</u>, 819 F.2d 1270, 1276 (4th Cir. 1987). This suggests that further litigation is anticipated in a voluntary dismissal without prejudice, which makes it more like a draw than a victory for the defendant. As Judge Easterbrook persuasively noted in <u>Szabo</u>, when a defendant remains at risk of another suit on the same claim, he can hardly be considered to be in the same position as a defendant who no longer faces the claim due to a dismissal <u>with</u> prejudice. We therefore agree with the Seventh Circuit's view that a voluntary dismissal without prejudice does not render a defendant a prevailing party. Since the Virginia Uniform Trade Secrets Act permits an award of attorneys' fees only to prevailing parties, NAS cannot claim relief under that provision. The district court's order on that issue is therefore affirmed.

IV.

We hold that the district court had insufficient information to determine the fees and costs to be awarded to CIS and NAS as a condition for granting Best's motion for voluntary dismissal without prejudice. We therefore vacate the order granting a dismissal with prejudice, vacate the fees and costs order, and remand for redetermination of awardable fees and costs. We further hold that the district court cor-

_____

*Section 1988 permits a court to award reasonable attorneys' fees and costs to the prevailing party in a civil rights enforcement suit.

8

rectly determined that NAS is not entitled to fees under the Virginia Uniform Trade Secrets Act. Accordingly, the orders of the district court are

<u>AFFIRMED IN PART,</u>
<u>VACATED AND REMANDED IN PART</u>.

9